# Matter of Jaime Armando LAMUS-Pava, Respondent

File A088 343 886 - San Antonio, Texas

*Decided July 24, 2009*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A motion to reopen to apply for adjustment of status based on a marriage entered into after the commencement of removal proceedings may not be denied under the fifth factor enumerated in *Matter of Velarde*, 23 I&N Dec. 253 (BIA 2002), based on the mere fact that the Government has filed an opposition to the motion, without regard to the merit of that opposition.

FOR RESPONDENT: Lance E. Curtright, Esquire, San Antonio, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Jane H. Thomson, Assistant Chief Counsel

BEFORE: Board Panel: NEAL, Acting Chairman; HOLMES, Board Member; and CLARK, Temporary Board Member.

HOLMES, Board Member:

In a decision dated July 22, 2008, an Immigration Judge denied the respondent's motion to reopen his removal proceedings to pursue an application for adjustment of status but granted his timely filed request to withdraw his application for voluntary departure. The respondent has appealed from that decision. The appeal will be sustained, and the record will be remanded for further consideration of the respondent's motion.

## I. FACTUAL AND PROCEDURAL HISTORY

Removal proceedings were commenced against the respondent in August 2007 when he was charged with being an overstayed nonimmigrant student. The respondent did not contest his removability. In a March 24, 2008, amended decision, the Immigration Judge granted the respondent's request

for voluntary departure on or before July 22, 2008, with an alternative order of removal to Colombia.[1]

On June 17, 2008, the respondent filed a timely motion to reopen with the Immigration Judge seeking the opportunity to pursue an application for adjustment of status based on a pending visa petition filed on his behalf by his United States citizen wife. The couple had married on May 1, 2008. The Department of Homeland Security ("DHS") opposed the respondent's motion, arguing, in part, that he had not presented clear and convincing evidence of the bona fides of his marriage. Thereafter, on July 16, 2008, the respondent separately moved to withdraw his request for voluntary departure. *See Dada v. Mukasey*, 128 S. Ct. 2307, 2319 (2008).

In his July 22, 2008, decision, the Immigration Judge granted the respondent's motion to withdraw his request for voluntary departure but denied his motion to reopen. In his decision denying the motion to reopen, the Immigration Judge correctly set forth the factors to be considered in adjudicating a properly filed motion to reopen to apply for adjustment of status based on a marriage entered into after the commencement of removal proceedings, as enumerated by this Board in *Matter of Velarde*, 23 I&N Dec. 253 (BIA 2002).

In *Matter of Velarde*, we held that such a motion (hereinafter a "*Velarde* motion") may be granted in the exercise of discretion, notwithstanding the pendency of an unadjudicated visa petition filed on the alien's behalf, where: (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by *Matter of Shaar*, 21 I&N Dec. 541 (BIA 1996), or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide; and (5) the Government either does not oppose the motion or bases its opposition solely on *Matter of Arthur*, 20 I&N Dec. 475 (BIA 1992) (hereinafter the "fifth factor").[2]

In adjudicating the motion, the Immigration Judge correctly concluded that the respondent's motion was not untimely, numerically barred, or barred by *Matter of Shaar*. The Immigration Judge noted, however, that the DHS opposed the motion by contesting the respondent's evidence of the bona fides of his marriage and did not base its opposition "solely on *Matter of Arthur*."

---

[1] The Immigration Judge's initial decision entered that same day had mistakenly granted the respondent voluntary departure until September 2, 2008, a period greater than 120 days.

[2] In *Matter of Arthur*, 20 I&N Dec. 475, the Board ruled that a motion to reopen to apply for adjustment of status based on a marriage entered into after the commencement of proceedings could not be granted unless the former Immigration and Naturalization Service, now the DHS, had approved the visa petition.

Citing *Matter of Velarde* and *Ramchandani v. Gonzales*, 434 F.3d 337 (5th Cir. 2005), the Immigration Judge concluded that he need not further consider or address the bona fides of the respondent's marriage "because the opposition of DHS on a ground unrelated to *Matter of Arthur* mandates denial of Respondent's Motion to Reopen." Thus, without evaluating either the respondent's evidence of the bona fides of his marriage or the merits of the DHS opposition to the motion, the Immigration Judge denied the respondent's motion because it failed to meet the requirements for reopening "as set forth in *Matter of Velarde*."

The respondent appealed the Immigration Judge's decision, arguing that he erred in denying the motion solely on the basis of the DHS opposition without evaluating any of the other factors enumerated in *Matter of Velarde*. The respondent maintains that no single *Velarde* factor is determinative in the adjudication of a motion to reopen, but that all the factors "are to be weighed against each other" when evaluating a motion. He avers that the Immigration Judge impermissibly abdicated his decision-making responsibility by accepting as dispositive, without further inquiry, the DHS opposition to his motion, simply because the opposition was not based on *Matter of Arthur*. The respondent also has separately moved to remand the record to the Immigration Judge based on additional evidence. The DHS requests that the Immigration Judge's decision be affirmed and that the respondent's appeal be dismissed.

## II. ISSUE

The issue presented here is whether an otherwise properly filed *Velarde* motion should be denied by an Immigration Judge or the Board based solely on the fact that the DHS has opposed the motion on a ground other than *Matter of Arthur*, without consideration of the merits of the DHS opposition or of the evidence and arguments proffered by the respondent in support of the motion. Stated otherwise, should the DHS essentially have the unreviewable discretion to "veto" a *Velarde* motion?

## III. ANALYSIS

There are times that the phrasing of an issue in itself indicates its proper resolution, and this may be such a case.

The respondent argues that the fifth factor set forth in *Matter of Velarde* was never intended to be considered dispositive, and he finds some support for this argument in the language of *Velarde* stating that the application of the five factors "necessarily requires examination of the relevant factors and a determination of the weight such factors should be accorded." *Matter of Velarde*, 23 I&N Dec. at 256. In fact, the United States Court of Appeals

for the Sixth Circuit adopted this reading of *Matter of Velarde* in response to the "government's contention that *Velarde* gives the government unbridled discretion amounting to an absolute veto to block consideration of a motion to reopen." *Sarr v. Gonzales*, 485 F.3d 354, 363 (6th Cir. 2007).

However, the fifth factor in *Velarde* can be read to be dispositive, and it was so understood by at least some Board Members at the time *Matter of Velarde* was decided. *See Matter of Velarde,* 23 I&N Dec. at 264 (Rosenberg, Board Member, concurring) ("I see no justification for the degree of deference extended to the Service under the fifth condition articulated in the majority opinion. I do not believe that Service opposition is an appropriate 'condition' that, as a rule, should result in denial of a motion to reopen."); *id.* at 268 (Pauley, Board Member, dissenting) ("As I read the opinion, the Service is required only to register its opposition to the alien's motion. The Service is not required to state the ground(s) for its opposition.").

Further, we do not fault the Immigration Judge's understanding of the fifth factor in this case because it is clear the Board itself has applied the same reading and accorded controlling weight to the opposition of the DHS in at least some cases, with mixed reactions from the courts of appeals.

In *Melnitsenko v. Mukasey*, 517 F.3d 42, 51 (2d Cir. 2008), the Second Circuit held that the Board "exceeded its allowable discretion in treating the fifth [Velarde] factor as dispositive and in denying Melnitsenko's motion to reopen based solely on the fact that the DHS opposed the motion." The Second Circuit opined that there was "no rational explanation for why the fact of the DHS's opposition alone is sufficient to deny a motion." *Id.* Similarly, in *Ahmed v. Mukasey*, 548 F.3d 768, 772 (9th Cir. 2008), the Ninth Circuit held that the Board "erred in concluding that Ahmed's original motion to reopen would have been denied solely on the basis of the government's opposition." The Ninth Circuit noted the regulations at 8 C.F.R. § 1003.1(d)(1)(ii) (2009), which direct that Board Members "exercise their independent judgment and discretion in considering and determining the cases coming before the Board."

Both the Third and Fifth Circuits have denied petitions for review of Board decisions in which the dispositive nature of the *Velarde* fifth element was argued by the Government. *See Ramchandani v. Gonzales*, 434 F.3d 337; *Bhiski v. Ashcroft*, 373 F.3d 363 (3d Cir. 2004). In *Ramchandani*, the Fifth Circuit, in whose jurisdiction this case arises, reviewed the Board's denial of the motion to reopen "'under a highly deferential abuse-of-discretion standard.'" 434 F.3d at 340 (quoting *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005)).

However, on further consideration, whether as a matter of clarification or of modification, we now hold that the fifth factor set forth in *Matter of Velarde* does not grant the DHS "veto" power over an otherwise approvable

*Velarde* motion. We are not persuaded that the mere fact of a DHS opposition to a motion, in and of itself, should be dispositive of the motion without regard to the merit of that opposition. The DHS's arguments advanced in opposition to a motion should be considered in adjudicating a motion, but they should not preclude the Immigration Judge or the Board from exercising "independent judgment and discretion" in ruling on the motion. 8 C.F.R. § 1003.1(d)(1)(ii); *see also* 8 C.F.R. § 1003.10(b) (2009) ("In deciding the individual cases before them, and subject to the applicable governing standards, immigration judges shall exercise their independent judgment and discretion . . . ."). If the DHS's arguments are persuasive, they should prevail. If they are not, an otherwise approvable motion should not be denied simply based on the fact that an unpersuasive argument was advanced by the Government.

In the case before us, for example, the DHS opposed the motion before the Immigration Judge based on its argument that the respondent had provided inadequate evidence of the bona fides of his marriage. In denying the motion based on the fact of this opposition alone, the Immigration Judge never considered either the evidence presented by the respondent with his motion or the merits of the DHS's arguments regarding its sufficiency. One cannot conclude that the Immigration Judge exercised his independent judgment and discretion in denying the motion when—if the DHS opposition had not been deemed dispositive—the Immigration Judge may have found that the motion, in fact, presented clear and convincing evidence indicating a strong likelihood that the respondent's marriage is bona fide, and he may have concluded that the contrary arguments advanced by the Government were meritless. Accordingly, we will vacate the decision of the Immigration Judge and remand the record for further consideration of the respondent's motion to reopen. The matters raised in the respondent's motion to remand can be addressed before the Immigration Judge.

**ORDER:** The appeal is sustained.

**FURTHER ORDER:** The July 22, 2008, decision of the Immigration Judge is vacated and the record is remanded for further consideration of the respondent's motion to reopen.