OPINION
PER CURIAM.
Mahmoud Gharib Mahmoud Shabayek, a citizen of Egypt, entered the United States as a visitor in 2006. After he overstayed his visa, the Government charged him with *740 removability in March 2007. He appeared before an Immigration Judge (“IJ”) and requested voluntary departure, which the IJ granted on June 1, 2007. Shabayek was permitted to voluntarily depart the United States within 90 days.
On August 22, 2007, Shabayek married a United States citizen named Charlotte Loving. On September 28, 2007, he moved to open the removal proceedings, asking for reopening to allow him to adjust his status to that of a lawful permanent resident. With his motion to reopen, he filed his marriage certificate and a Form 1-130 Petition for Alien Relative. The Government opposed the motion, noting that Shabayek was not the beneficiary of an approved 1-130 Petition and that, in any event, Shabayek could not show that his marriage was bona fide.
The IJ denied the motion to reopen based on Shabayek’s “failure to meet the standards of Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002), and Matter of Laureano, 19 I. & N. Dec. 1 (BIA 1983).” R. 22 (IJ’s order — the quoted language is the analysis in its entirety). Shabayek appealed to the BIA. The BIA dismissed the appeal. The BIA ruled that Shabayek had not made a prima facie showing that his marriage was bona fide. The BIA additionally noted that even if Shabayek had made such a showing, the denial “would have been justified” because the motion was untimely. The BIA also ruled that because Shabayek had remained in the country beyond the period of voluntary departure, he had become ineligible for adjustment of status.
Shabayek filed a petition for review. The Government filed a motion for summary affirmance. The Government argues that the BIA’s decision should be summarily affirmed because Shabayek failed to establish his eligibility for adjustment of status. The Government also contends that Shabayek’s failure to voluntarily depart bars him from being eligible for an adjustment of status under 8 U.S.C. § 1229e(d)(l)(B).
Although Shabayek did not file a response to the motion for summary affirmance, he filed a motion for a stay of removal. He notes that he is married to a United States citizen who is disabled and requires his assistance. He further notes that the 1-130 petition remains pending. The Government opposes the stay motion, arguing that Shabayek does not show a likelihood of success on the merits of his petition or that the equities otherwise weigh in favor of a stay.
We have jurisdiction pursuant to 8 U.S.C. § 1252. We review an order denying a motion to reopen under a highly deferential abuse of discretion standard. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir.2004). The BIA’s discretionary decision will not be disturbed unless it is arbitrary, irrational, or contrary to law. See Guo, 386 F.3d at 562. Applying this standard, we conclude that there is no substantial issue on appeal. Accordingly, we will summarily deny Shabayek’s petition for review. See Third Circuit LAR 27.4; I.O.P. 10.6.
Shabayek premises his claim for reopening on his purported eligibility for adjustment of status. The BIA may grant a motion to reopen for adjustment of status based on a motion to reopen for adjustment of status in light of a marriage
“where the following factors are present: (1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by In re Shaar, 21 I. & N. Dec. 541 (BIA 1996), or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the [alien’s] marriage is bona fide; and (5) the Service either does not oppose the motion or *741 bases its opposition solely on Matter of Arthur ”
Bhiski v. Ashcroft, 373 F.3d 363, 371 (3d Cir.2004) (quoting Matter of Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002)).[1] Shabayek, who got married approximately two months after the voluntary departure order (to a possibly thrice-married woman who had filed 1-130 petitions for other husbands), did not present evidence to show that his marriage was bona fide. He only filed his marriage certificate and a Form 1-130 Petition for Alien Relative. Furthermore, as the BIA noted, the motion, filed beyond the 90 day deadline for a motion to reopen, was untimely. See 8 C.F.R. § 1003.23(b)(1).
For these reasons, we conclude that the BIA’s order was not arbitrary, irrational, or contrary to law, and that Shabayek presents no substantial issue on appeal.[2] We grant the Government’s motion, and we will deny the petition for review. Shabayek’s motion for a stay of removal is also denied.

. The BIA has since ruled that motion to reopen to apply for adjustment of status based on a marriage entered into after removal proceedings are commenced may not be denied simply because the Government opposes it. See Matter of Lamus-Pava, 25 I. & N. Dec. 61 (BIA 2009).

. We conclude that it is unnecessary to reach the issue whether Shabayek’s failure to voluntarily depart bars him from being eligible for an adjustment of status under 8 U.S.C. § 1229c(d)(l)(B).