OPINION
BARRY, Circuit Judge.
Franck Dakaud seeks review of the decision of the Board of Immigration Appeals (“BIA”) denying his motion to reopen his removal proceedings. We will grant his petition for review, vacate the BIA’s decision, and remand for further proceedings.
I.
Dakaud, a citizen of the Ivory Coast, entered the United States in June 1993 on a visitor visa that expired in September 1993. He married his first wife, Tracy Gibbs, in August 1999, and Gibbs filed a Form 1-130 (Petition for Alien Relative) on Dakaud’s behalf. Gibbs later withdrew this petition, and the couple divorced in October 2001. Dakaud was ordered to appear for removal proceedings in April 2002. An Immigration Judge (“IJ”) held a hearing in September 2002, at which Da-kaud conceded removability. The IJ continued the proceedings, however, in part because Dakaud discussed the possibility of remarrying. Another hearing was held in May 2003, and Dakaud notified the IJ that he and Gibbs had again married, and that Gibbs had filed a new 1-130, which was pending. After a hearing scheduled in November 2003 was continued because the 1-130 had not yet been adjudicated, the IJ held another hearing in September 2004, at which Dakaud informed the IJ that the 1-130 had been denied for failure to properly respond to a request for evidence, and that he had appealed this decision. The IJ again continued the removal proceedings. At a May 2005 hearing, Dakaud told the IJ that he was still married, but had neither seen nor spoken to his wife in several months. The IJ stated that if another I-130 had not been filed or if Dakaud’s appeal of the denied 1-130 had not been decided by the next hearing, he would order Dakaud to leave the United States. At the final hearing in April 2006, Dakaud stated that he was in the process of again divorcing Gibbs, and planned to marry his girlfriend, Deidra Jenkins. The IJ denied Dakaud’s request for another continuance and entered an order of removal. Dakaud appealed the removal order to the BIA, which affirmed in September 2007. Da-kaud sought review in this Court, but later withdrew the petition.
Dakaud married Jenkins in November 2007. Jenkins filed a new 1-130 on Da-kaud’s behalf, and Dakaud filed a motion to reopen his case before the BIA. The Department of Homeland Security (“DHS”) opposed the motion on two grounds: (1) Dakaud had not disclosed in his motion the petition for review he had filed in this Court, as required by regulation; and (2) Dakaud failed to submit evidence relating to the bona fide nature of his marriage to Gibbs, which the DHS argued was relevant to the consideration of his marriage to Jenkins. See 8 U.S.C. § 1154(c) (“[N]o petition shall be approved if ... the alien has previously ... sought to be accorded[ ] an immediate relative or preference status as the spouse of a citizen of the United States ... by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws.”).
*275 The BIA denied the motion to reopen in March 2008, stating that because it was opposed by the DHS, it “must be denied.” (A.R. 2.) The BIA did not consider the DHS’s first reason for opposing the motion to be “a proper ground for a DHS objection” because the DHS had notice of the petition for review filed in this Court, and it denied the motion “[bjased on the second DHS objection.” (Id.) Dakaud timely filed this petition for review.[1]
II.
In denying Dakaud’s motion, the BIA relied on its decision in Matter of Velarde-Pacheco, which provides that a motion to reopen removal proceedings for adjustment of status based on a marriage entered into after the commencement of proceedings may be granted, in the exercise of discretion, when:
(1) the motion is timely filed; (2) the motion is not numerically barred by the regulations; (3) the motion is not barred by Matter of Shaar, 21 I. & N. Dec. 541 (BIA 1996), or on any other procedural grounds; (4) the motion presents clear and convincing evidence indicating a strong likelihood that the respondent’s marriage is bona fide; and (5) the [DHS] either does not oppose the motion or bases its opposition solely on Matter of Arthur, [20 I. & N. Dec. 475 (BIA 1992) ].
23 I. & N. Dec. 253, 256 (BIA 2002). The BIA denied Dakaud’s motion on the basis of the fifth factor. Although Velarde-Pacheco suggests that the DHS’s opposition to the motion is dispositive, see Bhiski v. Ashcroft, 373 F.3d 363, 370-72 (3d Cir.2004), the BIA recently “clarifi[ed] or ... modified]” Velar de-Pacheco, leaving no doubt that the fifth factor “does not grant the DHS ‘veto’ power over an otherwise approvable Velarde motion,” Matter of Lamus-Pava, 25 I. & N. Dec. 61, 64-65 (BIA 2009). The BIA explained:
We are not persuaded that the mere fact of a DHS opposition to a motion, in and of itself, should be dispositive of the motion without regard to the merit of that opposition. The DHS’s arguments advanced in opposition to a motion should be considered in adjudicating a motion, but they should not preclude the Immigration Judge or the Board from exercising “independent judgment and discretion” in ruling on the motion. 8 C.F.R. § 1003.1(d)(l)(ii); see also 8 C.F.R. § 1003.10(b) (2009) (“In deciding the individual cases before them, and subject to the applicable governing standards, immigration judges shall exercise their independent judgment and discretion .... ”). If the DHS’s arguments are persuasive, they should prevail. If they are not, an otherwise approvable motion should not be denied simply based on the fact that an unpersuasive argument was advanced by the Government.
Lamus-Pava, 25 I. & N. Dec. at 65.
Here, the BIA apparently believed that because the DHS opposed Dakaud’s motion, it was required to deny it. It is clear, after Lamus-Pava, that this is not the case. Accordingly, remand is appropriate to permit the BIA to consider Dakaud’s motion to reopen in light of Lamus-Pava.
III.
We will vacate the BIA’s decision and remand for further proceedings.

. We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA’s denial of Dakaud’s motion to reopen for abuse of discretion, and will disturb its decision only if it is arbitrary, irrational, or contrary to law. Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir.2004).