**IMG-202**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3498
_____

CHI WU CHEN, aka ZHI WU ZHENG,
                                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A072-491-902)
Immigration Judge: William Strasser

_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2010
Before:  BARRY, STAPLETON AND NYGAARD, Circuit Judges

(Opinion filed: May 17, 2010)
_____

OPINION
_____

PER CURIAM

     Chi Wu Chen petitions for review of an order denying his motion to reopen his

removal proceedings.  For the following reasons, we will deny the petition for review.

I.

Chi Wu Chen, a native and citizen of the People's Republic of China, entered the United States in 1992. He was placed in removal proceedings for entering the United States without proper documents and he applied for asylum and withholding of removal. Chen claimed that he had been persecuted under China's family planning policy because he was not permitted to marry his fifteen-year-old girlfriend and was fined for cohabiting with her, and because his girlfriend underwent a forced abortion. He also claimed that he feared he would be fined or imprisoned if he returned to China. The Immigration Judge denied Chen's application and ordered his deportation. The Board of Immigration Appeals ("BIA") affirmed that decision and dismissed Chen's appeal on January 18, 1995.

More than fourteen years later (on or about May 9, 2009), Chen filed a motion to reopen his removal proceedings based on his 2007 marriage to a United States citizen and pending application for an adjustment of status to lawful permanent resident. Chen asked the BIA to take his "special situation into consideration" and to terminate or continue the proceedings until a decision was made on his application. The BIA denied the motion as time-barred under 8 C.F.R. § 1003.2(c)(2) on August 4, 2009. The BIA also declined to exercise its discretionary authority to reopen the proceedings sua sponte. Chen then filed a timely petition for review.

## II.

We have jurisdiction over this appeal pursuant to 8 U.S.C. § 1252. We review an order denying a motion to reopen for an abuse of discretion. See Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). Under this highly deferential standard, the BIA's decision will not be disturbed unless it is arbitrary, irrational, or contrary to law. Id.

The BIA denied Chen's motion to reopen because it was untimely. Under 8 C.F.R.§ 1003.2(c)(2), a motion to reopen must be filed within ninety days of the date of the final administrative decision. Chen filed his motion more than fourteen years after the BIA's decision dismissing his appeal and none of the exceptions to the ninety-day time limit apply. See 8 C.F.R. § 1003.2(c)(3). Chen makes several arguments that the BIA abused its discretion in denying his motion, including that the BIA failed to review his motion once it determined that it was time-barred, failed to grant his motion even though his marriage is bona fide and he is prima facie eligible for adjustment of status, and departed from its established practice of granting motions to reopen for purposes of adjustment of status "so long as there is no clear ineligibility."[1] But Chen never addresses

---

[1] Chen relies on old law for his assertion that the BIA's practice is to grant motions to reopen for adjustment of status unless the record shows clear ineligibility. That was the BIA's former rule, announced in Matter of Garcia, 16 I. & N. Dec. 653, 654 (BIA 1978). But the BIA has modified that rule several times. The BIA currently employs a multi-factor test to determine whether to grant a motion to reopen for adjustment of status based on a marriage entered into after commencement of removal proceedings, the first factor of which is whether the motion is timely filed. See Matter of Velarde-Pacheco, 23 I. & N. Dec. 253, 256 (BIA 2002); modified, Matter of Lamus-Pava, 25 I. & N. Dec. 61, 64-65 (BIA 2009).

3

the fact that his motion was untimely or demonstrates that an exception to the time limit is applicable in his case. And although Chen cites several cases where courts have held that the BIA abused its discretion by denying what he identifies as "similar motions," none of those cases are in fact to similar to his, for none involved untimely motions to reopen removal proceedings. Finally, to the extent that Chen challenges the BIA's refusal to sua sponte reopen the proceedings, this we lack jurisdiction to review that decision because it is committed to the BIA's unfettered discretion. See Calle-Vujiles v. Ashcroft, 320 F.3d 472, 474-75 (3d Cir. 2003).

Accordingly, we will deny the petition for review.