**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 12, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

GURGEN KARAPETOVICH
KRYLOV,

        Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

        Respondent.

No. 09-9560
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, **ANDERSON**, and **KELLY**, Circuit Judges.

_____

        Gurgen Karapetovich Krylov petitions for review of an order of the Board

of Immigration Appeals (BIA) denying his second motion to reopen removal

proceedings. We grant the petition for review and remand for additional

investigation or explanation.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

Mr. Krylov, a native of Russia, entered the United States as a visitor in July 2004, and applied for asylum. An Immigration Judge (IJ) denied his application but granted his request for voluntary departure, ordering him to depart no later than September 25, 2006. He did not appeal. He consulted a new attorney, Vadim Yuzefpolsky, who filed a motion to reopen on October 25, 2006, based on Mr. Krylov's September 23, 2006, marriage to a United States citizen. The motion was filed after the voluntary departure date had passed, however, and it was not accompanied by the necessary evidence that the marriage was bona fide and a completed I-130 Petition for Alien Relative. *See In re Shaar*, 21 I. & N. Dec. 541, 548-49 (BIA 1996) (holding motion to reopen must be filed on or before voluntary departure date); *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002) (concluding motion to reopen may be granted if it is accompanied by, among other things, clear and convincing evidence that alien's marriage is bona fide; noting that alien had submitted a receipt for his I-130 Petition); 8 C.F.R. § 204.2(a)(1)(iii)(A) & (B) (listing evidence required for visa based on marriage to citizen, including I-130 Petition and bona fides of marriage). The IJ denied the motion because it was filed too late (after the voluntary departure deadline) and was not filed with the necessary documentary evidence (bona fides of the marriage and an I-130 Petition). Additional consequences of the late-filed motion are that Mr. Krylov is ineligible for adjustment of status

through his marriage to a United States citizen, and he is subject to the civil penalties for failing to depart voluntarily, pursuant to 8 U.S.C. § 1229c(d)(1)(B).

With new counsel, Mr. Krylov filed a second motion to reopen based on the ineffective assistance of Mr. Yuzefpolsky. Mr. Krylov filed an affidavit in support of the motion stating, in part,

> [Mr. Yuzefpolsky] studied my case and agreed to work with it and made a plan for us. First of all, he said that the court took place 07/27/2006 and he unable [sic] to submit an appeal more than 30 days after the hearing. Therefore, there is only one way to go. We need to registry [sic] our marriage as soon as possible and we need to do so before 9/25/2006. Then he will ask to reopen the case based on the marriage documents. Also, he has enough time to do so because it is allowed by law. Afterwards, he said that the rest is a routine paperwork and he can do it with no problems. He added that everything will be fine because I did not break the law. . . . We gave all the necessary documentation to [Mr. Yuzefpolsky].

Admin. R. at 237.

The IJ denied the second motion to reopen based on the holding of *Velarde-Pacheco*, 23 I. & N. Dec. at 256, which authorized the agency to deny a motion to reopen if the Department of Homeland Security (DHS)[1] opposed the motion. The IJ acknowledged that DHS opposed the motion and denied it for that reason. Consequently, the IJ made no factual or credibility findings about any communication between Mr. Krylov and Mr. Yuzefpolsky.

---

[1] In 2003, the Department of Homeland Security took over and assumed the duties of the former Immigration and Nationalization Service.

Mr. Krylov appealed the order denying his second motion to reopen to the BIA. The BIA affirmed and Mr. Krylov appealed to this court. While that appeal was pending, the government moved to remand based on *In re Lamus-Pava*, 25 I. & N. Dec. 61, 64-65 (BIA 2009), which held that DHS opposition to a motion to reopen based on marriage to a United States citizen is not "dispositive of the motion without regard to the merit of that opposition," abrogating *Velarde-Pacheco*.[2] Accordingly, the case was remanded to the BIA.

The BIA again denied reopening, concluding that because Mr. Krylov did not marry his American-citizen wife until September 23, 2006, two days before the September 25, 2006, deadline to file a motion to reopen or to depart voluntarily, Mr. Yuzefpolsky did not provide ineffective assistance. The BIA determined that "meeting [the] deadline would have taken a huge effort," and that even though Mr. Yuzefpolsky "should have been aware of the short filing deadline," he was not negligent because he "would have had great if not insuperable difficulty" in filing an adequate motion to reopen by the deadline. Admin. R. at 27.

Mr. Krylov now appeals that decision. He contends that he was the victim of Mr. Yuzefpolsky's ineffective assistance of counsel. He asserts that

---

[2]    The unopposed motion for remand was also based on the Attorney General's decision vacating *In re Compean*, 24 I. & N. Dec. 710 (A.G. Jan. 7, 2009), and directing the agency to apply pre-*Compean* standards to motions to reopen based on ineffective assistance of counsel. *In re Compean*, 25 I. & N. Dec. 1, *3 (A.G. June 3, 2009).

Mr. Yuzefpolsky should have known and should have advised him that the motion to reopen had to be filed before the voluntary departure date of September 25, 2006. He further asserts that Mr. Yuzefpolsky should have known that the motion to reopen based on his marriage had to be accompanied by various documents, including evidence that the marriage was bona fide and a copy of the I-130 Petition. He contends that he was prejudiced by Mr. Yuzefpolsky's inadequate representation because by filing the motion too late and unaccompanied by the necessary documents, the IJ summarily denied it without considering its merits. He further alleges prejudice because even though the United States Citizenship and Immigration Service has subsequently approved his wife's I-130 Petition, "he cannot apply for adjustment of status unless the government agrees to reopen his removal proceedings." Pet. Opening Br. at 7.

*Legal Standards*

A motion to reopen is an "important safeguard" designed "to ensure a proper and lawful disposition." *Dada v. Mukasey*, 554 U.S. 1, 18 (2008). This court has jurisdiction to review the BIA's discretionary denial of a motion to reopen removal proceedings. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1360-62 (10th Cir. 2004); *see also Kucana v. Holder*, 130 S. Ct. 827, 835, 838 (2010) (concluding that because the BIA's "discretionary authority to act on a motion to reopen . . . is specified not in a statute, but only in the Attorney General's regulation," the jurisdiction-stripping provision in 8 U.S.C. "§ 1252(a)(2)(B)(ii)

-5-

does not proscribe judicial review of denials of motions to reopen" (quotation omitted)).

"We review the BIA's decision on a motion to reopen only for an abuse of discretion." *Infanzon*, 386 F.3d at 1362 (quotation and alterations omitted). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (quotation omitted). "We review the BIA's findings on questions of law de novo." *Nguyen v. INS*, 53 F.3d 310, 311 (10th Cir. 1995).

An alien "can state a Fifth Amendment violation if he proves that retained counsel was ineffective and, as a result, he was denied a fundamentally fair proceeding." *Tang v. Ashcroft*, 354 F.3d 1192, 1196 (10th Cir. 2003) (quotation and alteration omitted).[3]

*Analysis*

Mr. Krylov argues that the BIA abused its discretion in denying his second motion to reopen based on ineffective assistance of counsel because it provided no

---

[3]     Before an alien may bring an ineffective-assistance claim, he must comply with the BIA's requirements to produce an affidavit detailing (1) his agreement with counsel, (2) that counsel was informed of the allegations and given an opportunity to respond, and (3) whether a complaint was filed with disciplinary authorities. *See Tang*, 354 F.3d at 1196 (applying *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988)). In addition, the alien must show that he exercised due diligence in pursuing a motion to reopen. *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002). The government concedes that Mr. Krylov has fulfilled these requirements.

rational explanation for its decision and the decision was devoid of reasoning. Based on our review of the BIA's order and the record on appeal, we find that we "cannot perform a meaningful review [because the BIA did] not sufficiently articulate its reasoning," *Mickeviciute*, 327 F.3d at 1162.

The BIA denied reopening because Mr. Krylov's marriage was recorded on September 23, only two days before the deadline to file a motion to reopen, so Mr. Yuzefpolsky was not negligent. Unfortunately, the BIA's decision does not indicate the facts from which it drew its conclusion that Mr. Yuzefpolsky could not reasonably have filed a timely motion to reopen. Mr. Krylov's affidavit indicates that he received prejudically incorrect legal advice on or prior to September 23 because it suggests that his conversation with Mr. Yuzefpolsky about marrying before September 25 occurred before September 23. But even if Mr. Krylov did not hire Mr. Yuzefpolsky until September 23, the attorney should have informed him that he had to marry and provide bona fides of the marriage with his application by September 25 or depart the country to avoid the consequences of failing to depart. And if, as the BIA found, the attorney's difficulty in filing a timely motion to reopen would have been "insuperable" due to the two-day interval between the marriage and the deadline, Admin. R. at 27, the attorney should have declined representation. Instead, Mr. Krylov stated that the attorney told him there was time to file a motion to reopen and "everything

will be fine because [he] did not break the law." *Id.* at 237. The affidavit also states that he gave to Mr. Yuzefpolsky the documents he requested.[4]

Mr. Krylov's claim that Mr. Yuzefpolsky advised him of the incorrect due date to file a motion to reopen is supported by Mr. Yuzefpolsky's statement in the first motion to reopen that the "motion is timely as it is made within 90 days of [Krylov's] July 27, 2006 decision denying his application for asylum." *Id.* at 242. Furthermore, the motion was not filed until 20 days after Mr. Krylov and his wife had signed the accompanying documents, further supporting Mr. Krylov's position that Mr. Yuzefpolsky did not know the correct filing deadline. *See id.* at 876 (I-130 Petition signed October 3, 2006); *id.* at 895 (application to adjust status signed October 3, 2006). In addition, after DHS pointed out that the motion to reopen was late, Mr. Yuzefpolsky responded that the delay was due to the fact that he did not know where to file the I-130 Petition. *Id.* at 852-53. But this is further evidence that Mr. Yuzefpolsky's knowledge of the immigration law was deficient; moreover, the form itself tells where to file it, *see id.* at 522.

We recognize that a "finding[] of fact [is] conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Here, however, the BIA did not specify its findings of fact, nor

---

[4]    The government points out that most of the bona-fides evidence in the record was produced well after the marriage, Aplee. Br. at 22, but the BIA made no finding on whether Mr. Krylov could have produced timely evidence if he had been advised to do so.

did it state a basis for its statements that filing a timely motion to reopen would have required a "huge effort" and that counsel's difficulty in doing so would have been "insuperable," Admin. R. at 27, except that the marriage occurred two days before the filing deadline. This sort of mechanical computation is similar to the "simple cursory comparison of the date of filing and the regulatory time for filing motions" this court found inadequate in *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002). There, the BIA denied the alien's motion to reopen based on his counsel's ineffective representation because the motion was filed after the deadline. *Id.* at 1257. But the BIA failed to consider the alien's due diligence and his attempts to comply with the agency's prerequisites for a claim of ineffective assistance of counsel. *Id.* at 1258. The case was remanded for the BIA to address the considerations for equitable tolling, rather than merely noting the due date and the filing date. *Id.* at 1258.

Similarly here, by simply calculating the two-day interval between the marriage date and the due date to file the motion to reopen, the BIA concluded that it would have been virtually impossible for Mr. Yuzefpolsky to file the motion in time. But the BIA's failure to provide any analysis of this conclusion precludes meaningful review. The BIA's decision also disregards Mr. Krylov's statement that he relied on the attorney's advice: "I would never touch a thing that I am incompetent in, especially in the immigration field. There are professionals that I can count on their professionalism." Admin. R. at 239.

Because the BIA indicated no basis for its decision other than the two-day interval between Mr. Krylov's marriage and the filing deadline, we are constrained to remand for additional findings. *See INS v. Orlando Ventura*, 537 U.S. 12, 16 (2002) (directing a remand to the agency "for additional investigation or explanation." (quotation omitted)).[5]

On remand, the BIA should further investigate or explain why Mr. Krylov was not the victim of Mr. Yuzefpolsky's ineffectiveness and indicate whether the attorney knew and informed Mr. Krylov of the filing deadline and the requirement to submit evidence of the bona fides of the marriage. In addition, the BIA should explain its conclusion that Mr. Yuzefpolsky could not have filed a timely, complete motion to reopen. If the BIA determines that Mr. Krylov did not contact Mr. Yuzefpolsky until September 23, it should discuss Mr. Krylov's statement that Mr. Yuzefpolsky represented that he nevertheless could accomplish reopening. If the BIA determines that Mr. Yuzefpolsky's professional performance was deficient, it should then evaluate whether the deficient performance prejudiced Mr. Krylov's case.

---

[5]     This does not appear to be a situation in which the BIA cannot grant relief to Mr. Krylov. *See Mickeviciute*, 327 F.3d at 1163 ("Logical reasons exist to deny a motion to reopen where the BIA cannot grant Petitioner the ultimate relief she seeks."). The DHS has approved the I-130 Petition filed by Mr. Krylov's wife, thus making him eligible for adjustment of status based on his marriage to a United States citizen.

In light of our decision to remand, we determine it unnecessary and unadvisable to address Mr. Krylov's remaining appellate issues, including his claim that the IJ's grant of his request for voluntary departure was void because he had not been physically present in the United States for at least one year immediately preceding the date the notice to appear was served, as contemplated by 8 U.S.C. § 1229c(b)(1)(A). Any opinion we might issue on this question would be premature and in the nature of an advisory opinion. *Cf. Flast v. Cohen*, 392 U.S. 83, 95 (1968) ("[N]o justiciable controversy is presented . . . when the parties are asking for an advisory opinion.") (footnote omitted)).

*Conclusion*

The petition for review is GRANTED, and the case is remanded for additional proceedings consistent with this order and judgment. Mr. Krylov's request to proceed on appeal in forma pauperis is also GRANTED. The government's motion to reconsider this court's January 7, 2011, stay order is DENIED as moot. The stay order is dissolved by the filing of this order and judgment.

Entered for the Court

Stephen H. Anderson
Circuit Judge