18-1442 (L)
Kolodziejczyk v. Barr

BIA
A 098 692 668

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty.

PRESENT:
        PETER W. HALL,
        SUSAN L. CARNEY,
        JOSEPH F. BIANCO,
            *Circuit Judges.*

_____

TOMASZ KOLODZIEJCZYK,
        *Petitioner,*

        v.                                    18-1442 (L),
                                              19-911 (Con)*
                                              NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Gail A. Dulay, Esq., Los Angeles, CA.


* The Clerk of Court is directed to consolidate these appeals.

**FOR RESPONDENT:**                    Tracie N. Jones, Trial Attorney;
                                     Cindy S. Ferrier, Assistant
                                     Director; Joseph H. Hunt,
                                     Assistant Attorney General, United
                                     States Department of Justice,
                                     Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of Board of Immigration Appeals ("BIA") decisions, it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Tomasz Kolodziejczyk, a native and citizen of Poland, seeks review of a May 9, 2018 decision of the BIA denying his motion to reopen his removal proceedings and a March 14, 2019 decision of the BIA denying his motion to reopen his removal proceedings or reconsider the prior denial of reopening. *In re Tomasz Kolodziejczyk,* No. A 098 692 668 (B.I.A. May 9, 2018 & Mar. 14, 2019). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's denial of motions to reopen and reconsider for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69, 173 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation,

2

inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

Reopening

With certain exceptions inapplicable here, an alien seeking to reopen proceedings may file only one motion to reopen and must do so no later than 90 days after the date on which the final administrative decision was rendered. 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2). Kolodziejczyk's December 2017 and July 2018 motions to reopen were untimely and number-barred because they were his second and third motions to reopen and he filed them more than four years after 2013, when the BIA affirmed the IJ's removal order.

Compliance with these time and number limitations may be excused based on ineffective assistance of counsel. *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008). To obtain reopening on this basis, however, a movant must generally comply with the procedural requirements set out in *Matter of*

3

*Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and must show that counsel's actions were unreasonable and caused the movant prejudice. *See Debeatham v. Holder*, 602 F.3d 481, 484-85 (2d Cir. 2010); *Rashid*, 533 F.3d at 131.

Because Kolodziejczyk failed to substantially comply with *Lozada*, we conclude that the agency did not abuse its discretion in denying his second motion to reopen. Among other things, *Lozada* requires the movant to submit "proof that the [movant] notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quoting *Esposito v. INS*, 987 F.2d 108, 110-11 (2d Cir. 1993)). "[I]f a violation of ethical or legal responsibilities is claimed, [the movant must also submit] a statement as to whether the [movant] filed a complaint with any disciplinary authority . . . and, if a complaint was not filed, an explanation for not doing so." *Id.*

The BIA reasonably concluded that Kolodziejczyk did not substantially comply with *Lozada* because he did not show that he provided his former counsel sufficient opportunity to respond and he did not file a complaint with the appropriate disciplinary authorities. Kolodziejczyk now argues that he

4

could not wait for a response from his former counsel because he was scheduled for removal when he filed his motion. This argument is unavailing because nothing in the record suggests that he was prevented from contacting counsel sooner. Kolodziejczyk does not dispute the BIA's conclusion that his failure to file a disciplinary complaint alone precludes him from establishing substantial compliance. Moreover, his arguments to the agency regarding his decision to defer filing such a complaint suggest that he was not sure whether his counsel's conduct was in fact deficient.

Although we have found on occasion substantial compliance with *Lozada* when the facts supporting the ineffective assistance claim were "clear on the face of the record," *Yi Long Yang v. Gonzales*, 478 F.3d 133, 143 (2d Cir. 2007), that is not the case here. To the extent that Kolodziejczyk argues that counsel was ineffective for failing to file a motion to remand in the BIA, his argument is unavailing because he was represented by a different and unrelated attorney in that BIA appeal. His argument that counsel was ineffective for failing to advise him to file such a motion also fails. Kolodziejczyk is correct that he could have moved to remand proceedings on the basis of his second wife's pending

5

immediate-relative visa petition (before the agency's approval of that petition) and without moving jointly with the Department of Homeland Security ("DHS"). *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002); *see Melnitsenko v. Mukasey*, 517 F.3d 42, 49 (2d Cir. 2008) (under *Velarde-Pacheco*, a motion to reopen to pursue adjustment may be granted prior to the adjudication of the visa petition filed on the applicant's behalf); *Matter of Lamus-Pava*, 25 I. & N. Dec. 61, 64–65 (BIA 2009) (*Velarde-Pacheco* "does not grant the DHS 'veto' power over an otherwise approvable *Velarde* motion"). The grant of such a motion is a matter of BIA discretion, however. It requires "clear and convincing evidence indicating a strong likelihood that the [movant's] marriage is bona fide," and it may take DHS opposition to the motion into account. *In re Velarde-Pacheco*, 23 I. & N. Dec. at 256; *Matter of Lamus-Pava*, 25 I. & N. Dec. at 64–65. Given these standards, the BIA did not abuse its discretion in concluding that a reasonable attorney could have made a strategic decision to wait to take further action until the visa petition was approved and to attempt then to obtain a DHS stipulation to reopening in light of Kolodziejczyk's

6

prior unsuccessful attempt to adjust status.[1]

For similar reasons, the BIA did not abuse its discretion in denying Kolodziejczyk's third motion to reopen for failure to establish that he was prejudiced by his prior counsel's actions. To establish the required prejudice, a movant must show that "the outcome of his removal proceedings would have been any different" had counsel acted differently. *Debeatham*, 602 F.3d at 486. Kolodziejczyk argues that he would have been able to present clear and convincing evidence that his second marriage was bona fide, as required by *Velarde-Pacheco*. Even if this were the case, in light of the procedural history of this case, we cannot say that the agency abused its discretion in finding it "speculative" that Kolodziejczyk would have received a favorable discretionary decision by the BIA on a motion to reopen his case before the approval of his wife's visa petition.

Reconsideration

---

[1] Contrary to Kolodziejczyk's argument, the agency did not draw an improper adverse inference from his prior marriage. Instead, the agency identified the history of his prior application to adjust status as one reason that counsel might have determined that Kolodziejczyk would obtain a strategic benefit by waiting for his visa petition to be approved and obtaining a stipulation from DHS before moving to reopen.

7

Finally, the BIA did not abuse its discretion in denying reconsideration of its denial of Kolodziejczyk's second motion to reopen. A motion for reconsideration must specify errors of fact or law in the BIA's decision and be supported by pertinent authority. The BIA does not abuse its discretion by denying a motion to reconsider that merely repeats arguments previously rejected by the agency. *See* 8 C.F.R. § 1003.2(b)(1); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir. 2006); *Ke Zhen Zhao*, 265 F.3d at 90. As discussed above, to the extent that this motion requested reopening, the BIA did not abuse its discretion by denying the motion for failure to show prejudice arising from the alleged ineffective assistance.

For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8