FILED
**United States Court of Appeals
Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 25, 2024**

**Christopher M. Wolpert
Clerk of Court**

_____

VICTOR M. HERNANDEZ-ORTIZ,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 23-9591
(Petition for Review)

_____

**ORDER AND JUDGMENT[*]**
_____

Before **TYMKOVICH**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Victor M. Hernandez-Ortiz, a native and citizen of Mexico, petitions for

review of a decision of the Board of Immigration Appeals (BIA) denying his motion

to reopen.  Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

I.  Background

Mr. Hernandez-Ortiz entered the United States illegally.  The Department of

Homeland Security issued a Notice to Appear, charging him with inadmissibility as a

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

noncitizen in the country without admission or parole.  Mr. Hernandez-Ortiz admitted the allegations and conceded removability.

He subsequently filed an application for cancellation of removal as a non-lawful permanent resident.  As part of the proceedings on his application, he submitted a criminal history chart, which indicated he had a conviction for criminal impersonation in Colorado state court.  The government moved to pretermit the application, arguing Mr. Hernandez-Ortiz was statutorily ineligible for cancellation of removal because he had a conviction for a crime of moral turpitude.[1]

An immigration judge (IJ) granted the government's motion, concluding Mr. Hernandez-Ortiz's criminal conviction rendered him ineligible for cancellation of removal.  Mr. Hernandez-Ortiz appealed the IJ's decision, but the BIA affirmed.

Mr. Hernandez-Ortiz did not petition for review of the BIA's decision. Instead, he filed a motion to reopen with the BIA, seeking to reapply for cancellation of removal based on the potential vacatur of his criminal conviction and to apply for adjustment of status based on his marriage to a United States citizen.  He later filed a supplement to his motion, showing his criminal conviction had been vacated.

---

[1] To be eligible for cancellation of removal as a non-lawful permanent resident, an applicant must demonstrate: (A) he has been continuously physically present in the United States for ten years; (B) he has been a person of good moral character during that period; (C) he has not been convicted of certain disqualifying crimes; and (D) his removal would result in exceptional and extremely unusual hardship to a spouse, parent, or child, who is a citizen or lawful permanent resident of the United States.  8 U.S.C. § 1229b(b)(1).

The BIA denied the motion to reopen.  It explained even if Mr. Hernandez-Ortiz was not disqualified from cancellation because of his conviction's vacatur, reopening was not warranted because he had not demonstrated he was otherwise prima facie eligible for relief.  The BIA noted Mr. Hernandez-Ortiz failed to provide any specific evidence or arguments related to the hardship his qualifying relatives would allegedly face if he were removed.  With respect to his request to reopen to permit him to apply for adjustment of status via his wife, the BIA declined to reopen on that basis because Mr. Hernandez-Ortiz failed to attach an application for adjustment along with his motion, as required by regulation.

Mr. Hernandez-Ortiz now petitions for review of the BIA's decision.

II.  Discussion

We review for abuse of discretion the BIA's denial of a motion to reopen. *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013); *see also INS v. Doherty*, 502 U.S. 314, 323 (1992) ("[T]he abuse-of-discretion standard applies to motions to reopen regardless of the underlying basis of the . . . request for relief." (brackets and internal quotation marks omitted)).  "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Maatougui*, 738 F.3d at 1239 (internal quotation marks omitted).  "The BIA does not abuse its discretion when its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law. . . ." *Id.* (internal quotation marks omitted).

3

*Motion to Reopen to Reapply for Cancellation of Removal*

Mr. Hernandez-Ortiz argues the BIA abused its discretion in denying his motion to reopen related to his application for cancellation of removal because the evidence of the vacatur of his criminal conviction would change the result in his case. Without citing any legal authority, Mr. Hernandez-Ortiz "asserts that it was unreasonable for the agency to fault [him] regarding the hardship to his qualifying relatives when the focus of his eligibility for relief with the IJ and the Board was his criminal conviction." Pet'r Opening Br. at 18. We see no abuse of discretion in the BIA's resolution of this issue.

When a noncitizen submits a motion to reopen to pursue an application for relief, the motion "must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). To demonstrate eligibility for cancellation of removal as a non-lawful permanent resident, Mr. Hernandez-Ortiz needed to show his removal "would result in exceptional and extremely unusual hardship to [his] spouse, parent, or child," who is either a United States citizen or a lawful permanent resident. 8 U.S.C. § 1229b(b)(1)(D). But he did not submit any evidence on that statutory element. Instead, he made the conclusory assertion "he is *prima facie* eligible for an inadmissibility waiver as he can demonstrate that refusal of his admission would result in extreme hardship to his U.S. citizen wife, Denise, and his U.S. citizen son, Victor." R. at 45.

In its decision, the BIA explained Mr. Hernandez-Ortiz had not shown he was prima facie eligible for cancellation of removal even assuming he no longer had a

4

disqualifying conviction.  Specifically, the BIA found he "ha[d] not made a prima facie showing that his removal would result in exceptional and extremely unusual hardship to a qualifying relative."  R. at 4.  The BIA explained, "[p]rima facie eligibility requires evidence that reveals a reasonable likelihood that the statutory elements for relief have been met."  *Id.*  It noted, "[Mr. Hernandez-Ortiz] generally alleges that his United States citizen wife and child would experience hardship upon his removal but does not provide any details about what hardships they would experience or provide any evidence in support of this claim."  *Id.*  The BIA then concluded "[i]n the absence of any specific arguments or evidence relating to hardship, [Mr. Hernandez-Ortiz] has not demonstrated his prima facie eligibility for cancellation of removal."  *Id.*

The BIA "may deny a motion to reopen based upon the failure to establish a prima facie case for the relief sought."  *Matter of Coelho*, 20 I. & N. Dec. 464, 472 (BIA 1992).  Mr. Hernandez-Ortiz's motion to reopen provided evidence related to only one aspect of his alleged eligibility for relief—the vacatur of his criminal conviction.  He failed to submit any evidence showing he could meet another required statutory element for cancellation of removal—exceptional and extremely unusual hardship to a qualifying relative, *see* § 1229b(b)(1)(D).[2]  Accordingly, the

_____

[2] For the first time in his reply brief, Mr. Hernandez-Ortiz asserts he was "found to be *prima facie* eligible for [cancellation of removal] at the time of his Master hearing, but for his 2004 criminal conviction."  Pet'r Reply Br. at 7.  Mr. Hernandez-Ortiz does not provide any record cites to support this assertion, and we see nothing in the record that suggests an IJ found Mr. Hernandez-Ortiz prima facie eligible for cancellation of removal.

BIA did not abuse its discretion in denying Mr. Hernandez-Ortiz's motion to reopen to reapply for cancellation of removal where he did not establish a prima facie case for the relief he sought.

*Motion to Reopen to Apply for Adjustment of Status*

Mr. Hernandez-Ortiz argues the BIA abused its discretion in denying his motion to reopen to apply for adjustment of status solely on the basis that he failed to include his application with his motion. He contends the BIA's decision departs from the established policy in *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 257 (BIA 2002), *modified in part by Matter of Lamus-Pava*, 25 I. & N. Dec. 61 (BIA 2009).

The plain language of the relevant regulation requires that a motion to reopen "for the purpose of submitting an application for relief *must be accompanied by the appropriate application for relief* and all supporting documentation." 8 C.F.R. § 1003.2(c)(1) (emphasis added). Mr. Hernandez-Ortiz does not dispute he did not submit an application for adjustment of status with his motion to reopen. And the *Velarde-Pacheco* decision does not support his argument because the noncitizen in that case "submitted copies of his adjustment application and supporting documentation as required by 8 C.F.R. § [1003.2(c)(1)]." 23 I. & N. Dec. at 254. In *Velarde-Pacheco*, the BIA "allowed for the granting of a motion to reopen to apply for adjustment of status, pending approval of the I-130 petition," if a noncitizen had satisfied certain factors. 23 I. & N. Dec. at 257. The BIA did not excuse the requirement in § 1003.2(c)(1) that the application for adjustment of status be attached to the motion to reopen.

6

Mr. Hernandez-Ortiz has therefore failed to show the BIA abused its discretion in denying his motion to reopen to apply for adjustment of status when he did not submit his application with the motion as § 1003.2(c)(1) requires.

III.  Conclusion

The petition for review is denied.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge

7