# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60465
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 18, 2017

Lyle W. Cayce
Clerk

MARTHA LIDIA GARCIA,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 401 870

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Martha Lidia Garcia, a native and citizen of Honduras, seeks review of a decision by the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) denial of her motion to reopen removal proceedings. Garcia alleges she did not receive notice of the hearing at which she was ordered removed *in absentia*, and contends the denial of her motion constituted reversible error. (Garcia has not challenged the alternative denial of her requests for asylum, withholding of removal, or relief under the Convention Against Torture, and any such claims are abandoned. *E.g.*, *Soadjede v.*

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

*Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (dismissing similar claims as abandoned in appeal based solely on procedural issues).)

The denial of a motion to reopen under 8 U.S.C. § 1229a(b)(5)(C)(ii) is reviewed using "a highly deferential abuse-of-discretion standard". *Gomez-Palacios v. Holder*, 560 F.3d 354, 358 (5th Cir. 2009). Questions of law are reviewed *de novo*; factual findings, for substantial evidence. *Id.*

Garcia has not shown an abuse of discretion in denying her motion to reopen. *Id.* Delivery of notice sent by regular mail to the last address provided by the alien is presumed. *Matter of M-R-A-*, 24 I. & N. Dec. 665, 673 (B.I.A. 2008). "To reopen proceedings based on a claim of lack of receipt of notice", the alien must "present[] sufficient evidence to overcome the [slight] presumption of delivery". *Id.*

In this instance, the slight presumption of delivery was correctly applied. Although Garcia submitted an affidavit stating she had not received notice of her hearing, the IJ and BIA found she failed to overcome the presumption of delivery because she: did not update her mailing address during the decade after she entered the country; did not provide supporting affidavits from family members; and gave no explanation for her failure to check on the status of her removal proceedings for nearly 11 years.

Rather than dispute these findings, Garcia contends the record does not support the conclusion the notice of her removal hearing was mailed to her. She asserts that, although the IJ found she had been sent two notices, in August and early September 2004, no supporting documentation appeared in the record. But, we review only the findings of the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

The BIA did not rely on notices sent on the dates found by the IJ; instead, it cited a notice of hearing dated 21 September 2004, which was present in the record. Garcia's contention the record contains no evidence she received notice

therefore fails. Although Garcia points out the *in absentia* order of removal was stamped as filed in March 2015, despite being signed in October 2004, she cites to no rules or requirements for the stamping of transmittal letters to make evidentiary significance of the discrepancy.

Garcia acknowledges the 21 September notice is currently in the record, but she asserts the BIA and this court could not rely on it because the failure of the IJ and the Government to refer to it must mean it was not part of the record before the IJ.  Her conjecture as to the contents of the IJ's record is insufficient to show she is entitled to relief.  *See Chapman v. United States*, 194 F.2d 974, 977 (5th Cir. 1952) ("conjecture may not serve as proof").

In addition, Garcia attempts to bolster her assertion with Department of Homeland Security documents provided in response to her Freedom of Information Act request, which did not include either the 21 September notice of hearing or the *in absentia* order of removal.  These documents were received after the BIA's ruling, and were not available to either of the immigration courts for review.  "We 'may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the [immigration courts] at the time of the challenged ruling.'" *Ramchandani v. Gonzales*, 434 F.3d 337, 339 n.1 (5th Cir. 2005) (citing *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999)).

In sum, Garcia has not established the BIA's decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach".  *Singh v. Gonzales*, 436 F.3d 484, 487 (5th Cir. 2006).

DENIED.