# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 2, 2019

Lyle W. Cayce
Clerk

No. 18-60281
Summary Calendar

JORGE LUIS REYES SALAZAR, Reyes-Salazar, also known as Jorge Luis Reyes-Salazar,

Petitioner

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 183 231

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Jorge Luis Reyes Salazar, a citizen and native of Mexico, petitions for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen, for reconsideration, and for adjustment of status. In his motion, he challenged the BIA's decision affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60281

under the Convention Against Torture (CAT) based on his imputed political opinion and his membership in a particular social group consisting of his family.

This court reviews the denial of motions to reopen and motions for reconsideration under a highly deferential abuse-of-discretion standard. *Le v. Lynch*, 819 F.3d 98, 104 (5th Cir. 2016); *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). Under this standard, this court will not disturb the BIA's decision, even if the court determines that the BIA decision is "in error, so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Osuchukwu v. INS*, 744 F.2d 1136, 1142 (5th Cir. 1984).

In his petition for review, Reyes Salazar argues that the BIA erred by failing to grant his motion for reconsideration to correct the IJ's legal and factual mistakes and the BIA's application of the incorrect credibility standard on appeal. Further, he contends that his motion for reconsideration was not time barred, as the BIA determined, because it was subject to equitable tolling. For the BIA to grant a motion to reconsider, the alien must "identify a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked." *Chambers v. Mukasey*, 520 F.3d 445, 448 (5th Cir. 2008) (internal quotation marks and citation omitted). When seeking reconsideration, an alien may either invoke the BIA's regulatory power to sua sponte reconsider proceedings under 8 C.F.R. § 1003.2(a) or invoke the statutory right to reconsider proceedings under 8 U.S.C. § 1229a(c)(6). *See Lugo-Resendez v. Lynch*, 831 F.3d 337, 340-41 (5th Cir. 2016). While the filing of a statutory motion to reconsider is subject to time constraints, a regulatory motion to reconsider may be filed at any time. *See* § 1229a(c)(6)(B); § 1003.2(a).

No. 18-60281

We lack jurisdiction to consider an issue when an applicant has failed to exhaust it by raising it in the first instance before the BIA, either on direct appeal or in a motion to reopen. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Reyes Salazar's motion asserted that it was timely filed and did not contain any equitable tolling argument. Therefore, we lack jurisdiction to review Reyes Salazar's arguments for equitable tolling. *See id.* Further, the BIA has complete discretion to deny a regulatory motion to sua sponte reconsider. *See Gonzalez-Cantu v. Sessions*, 866 F.3d 302, 306 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 677 (2018). We thus lack jurisdiction to consider the refusal by the BIA to exercise its regulatory power to sua sponte reconsider Reyes Salazar's removal order. *See id.*

As to the motion to reopen, Reyes Salazar argues that the BIA abused its discretion because the evidence presented with the motion compelled a decision contrary to the IJ's. A motion to reopen must be based on new evidence and must make a prima facie showing of eligibility for the underlying relief sought. *See INS v. Abudu*, 485 U.S. 94, 104 (1988). In support of his motion to reopen, Reyes Salazar included media and human rights reports regarding the family's political activism and the military's involvement with violence and illegal activity in Mexico. While the articles reference his family's involvement in politics and activism, they do not include any new information that shows Reyes Salazar's involvement. Further, the report does not refute the agency's finding that his family was harmed by the Sinaloa cartel in retaliation for Reyes Salazar's cousin's involvement with a rival cartel. Moreover, it does not demonstrate that the military collaborated with the cartel to persecute his family, as Reyes Salazar alleged.

Finally, Reyes Salazar contends that the BIA should have reopened his case to withdraw the final order of removal while his application for

No. 18-60281

adjustment of status based on his recent marriage was pending.  "[M]arriages contracted after the institution of exclusion or deportation proceedings" are presumptively fraudulent.  *Ramchandani v. Gonzales*, 434 F.3d 337, 340 (5th Cir. 2005).  The presumption may only be rebutted by "clear and convincing evidence . . . that the marriage was entered into in good faith and . . . was not entered into for the purpose of procuring the alien's admission as an immigrant."  *Id.* (quoting 8 U.S.C. § 1255(e)).  The BIA found that Reyes Salazar failed to provide "sufficient corroboration regarding the length and nature" of his purported marriage.  His petition for discretionary review does not specifically explain how the evidence shows his prima facie eligibility for the relief sought.

Based on the foregoing, Reyes Salazar's petition for review is DENIED.