United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-61139
Summary Calendar

_____

ANIL KUMAR RAMCHANDANI,

                                        Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

                                        Respondent.

_____

On Petition for Review from an Order of
the Board of Immigration Appeals

_____

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

BENAVIDES, Circuit Judge:

Anil Kumar Ramchandani petitions for review from the Board of
Immigration Appeals's dismissal of his appeal and denial of his
motion to reopen. For the reasons below, we deny the petition.

## I.   Background

Ramchandani is a citizen of India. On May 11, 1997, he was
admitted to the United States as a nonimmigrant "alien in transit,"
with authorization to remain only until June 10, 1997. Ramchandani
overstayed. On October 24, 2002, he was served with a Notice to
Appear, and the Immigration and Naturalization Service commenced
removal proceedings against him.

After obtaining three continuances, Ramchandani appeared before an Immigration Judge ("IJ") on June 30, 2003. He sought another continuance, hoping to adjust his status to that of lawful permanent resident. Ramchandani argued that a continuance was necessary (1) to allow him to obtain a labor certificate and (2) so that Lisa O'Hanlon, a United States citizen whom he claimed to have married three days earlier, could complete an I-130, marriage-based visa petition on his behalf. The IJ denied the request and entered an order of removal. Ramchandani timely appealed to the Board of Immigration Appeals ("BIA").

While the case was pending on appeal, Ramchandani filed a motion to reopen the removal proceedings. He attached an application to adjust status to his motion to reopen, which was based on an unapproved visa petition that his wife had filed subsequent to the IJ's order of removal. Ramchandani's motion admitted, and a marriage certificate he attached as evidence showed, that he had actually married O'Hanlon after the IJ's order of removal, on July 8, 2003. The BIA affirmed the IJ's denial of a continuance and denied Ramchandani's motion to reopen. Ramchandani appeals these two rulings.

## II. Discussion

A. DENIAL OF CONTINUANCE

The BIA affirmed the IJ's denial of a continuance, citing 8 C.F.R. § 1003.29. Under section 1003.29, an IJ "may grant a motion

2

for continuance for good cause shown." The alien seeking continuance bears the burden of showing good cause. *See Bright v. I.N.S.*, 837 F.2d 1330, 1332 (5th Cir. 1988). The grant of a continuance "lies within the sound discretion of the immigration judge." *See Witter v. I.N.S.*, 113 F.3d 549, 555—56 (5th Cir. 1997). We find no abuse of that discretion here.

1.  CONTINUANCE FOR LABOR CERTIFICATION

Aliens who are the beneficiary of an application for labor certification filed on or before April 30, 2001 may apply to the Attorney General for the adjustment of their status. 8 U.S.C. § 1255(i). Upon approval of the labor certification, the Attorney General may adjust the alien's status to that of lawful permanent resident.

Ramchandani argues, citing *Subhan v. Ashcroft*, 383 F.3d 591, 594 (7th Cir. 2004), that his removal proceedings should have been continued to permit the processing of a labor certification he claims was pending with the Texas Workforce Commission. In *Subhan*, the Seventh Circuit granted a petition for review where the IJ, without explanation, denied an alien's request for a continuance for processing of a pending labor certification. 383 F.3d at 594—96.

Ramchandani's reliance on *Subhan* ignores a critical distinction between that case and the case at bar. In *Subhan*, the record reflected that applications for labor certificates had been

3

filed within the April 30, 2001 sunset deadline and, moreover, that the petitioner had "endeavored . . . with all due diligence" to obtain approved certificates. *Id.* at 593. By contrast, Ramchandani produced no evidence below that an application for labor certification had been filed on his behalf prior to April 30, 2001.[1]

In *Ali v. Gonzales*, a panel of this Court held that an alien's responsibility to show "good cause" for a continuance required at least "a showing that the labor certification application was filed on or before April 30, 2001." 2005 WL 3150723, *1 (5th Cir. Nov. 28, 2005) (unpublished). Although *Ali* is not binding precedent, it is persuasive authority. *See United States v. Rueda-Rivera*, 396 F.3d 678, 681 (5th Cir. 2005). Without making some showing before the IJ that a labor certification was filed prior to April 30, 2001, the alien cannot show that he would meet the statutory requirements of Section 1255(i) even if the case were continued. *Cf. Manzano-Garcia v. Gonzales*, 413 F.3d 462, 464 (5th Cir. 2005) (noting that the petitioner obtained a continuance after he "presented the immigration judge . . . with a receipt for the labor

---

[1] Ramchandani attached a copy of a document to his reply brief on appeal, purporting to show that an application was timely filed. This document, however, was not produced to the IJ or the BIA and is not in the record. We "may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the [court below] at the time of the challenged ruling." *Theriot v. Parish of Jefferson*, 185 F.3d 447, 491 n.26 (5th Cir. 1999).

certification application, which had been filed on November 17, 1997"). Absent such a showing, the alien "has shown no cause, much less good cause, for continuance . . . ." *Ali*, 2005 WL 3150723, at *1.[2]

Ramchandani argues that the showing required in *Ali* should not apply to him because the IJ appeared to credit the representation of his counsel, Richard L. Printz, that Ramchandani's labor certification was filed prior to the sunset date.[3] But the record reflects that the IJ credited just the opposite representation. After Printz was informed of the April 30, 2001 sunset date, he responded, "That'll make him a little late, judge."[4] The IJ

---

[2] Even if Ramchandani had produced evidence that an application for labor certification was timely filed, it is far from clear that the denial of a continuance would have been an abuse of discretion. In *Zafar v. U.S. Attorney General*, the Eleventh Circuit held that the denial of a continuance to await decisions on aliens' pending labor certificate applications was not an abuse of discretion. 426 F.3d 1330, 1335 (11th Cir. 2005). The "speculative possibility that at some point in the *future* they *may* receive . . . labor certification" was not sufficient for a showing of good cause. *Id.* (internal quotation marks omitted, emphasis in original).

[3] The BIA affirmed the IJ's denial of a continuance on abuse of discretion, rather than *de novo*, review. We assume without deciding that this gives us authority to consider the IJ's decision in conjunction with the BIA's ruling. *See Carbajal-Gonzalez v. I.N.S.*, 78 F.3d 194, 197 (stating that the actions of the IJ may be reviewed "when they have some impact on the Board's decision").

[4] Printz's representations before the IJ were contradictory. He initially argued:

This man would be eligible to adjust under 245(i) because a —well I'll take that back. Maybe, maybe, he has an

5

accepted this concession. Printz then proceeded to argue for a continuance "in the face of authority that's clearly against [Ramchandani]." Under the circumstances, we hold that it was not an abuse of discretion for the IJ to deny Ramchandani's fourth request for a continuance so that he could pursue labor certification.

2. CONTINUANCE TO PURSUE MARRIAGE-BASED VISA

Ramchandani briefly argues that removal proceedings should have been continued so that he could obtain a marriage-based visa. Although Ramchandani was not in fact married when he appeared before the IJ on June 30, 2003, he testified that he had been married "a couple of days" earlier. Assuming, *arguendo*, that Ramchandani had married O'Hanlon prior to the hearing,[5] the denial of a continuance would not have been an abuse of discretion.

First, O'Hanlon had not filed a visa petition on Ramchandani's behalf, and Ramchandani had not filed an application to adjust status with the Attorney General. *See Eyoum v. I.N.S.*, 125 F.3d 889, 892 (5th Cir. 1997) (finding no error in BIA's failure to postpone deportation proceedings to permit decision on adjustment

---

application for a labor certification filed on 4-24-01. Printz presented no evidence that such an application was filed and, as explained above, immediately thereafter represented that the application would be "late."

[5] The Department of Homeland Security did not dispute the fact of his marriage before the IJ.

where petitioner "never submitted an application for adjustment of status"). Furthermore, Ramchandani married O'Hanlon during the pendency of his exclusion proceedings. "Congress rather clearly created a presumption that marriages contracted after the institution of exclusion or deportation proceedings are fraudulent." *In re Arthur*, 20 I. & N. Dec. 475, 479 (BIA 1992). This presumption may only be rebutted by "clear and convincing evidence . . . that the marriage was entered into in good faith and . . . was not entered into for the purpose of procuring the alien's admission as an immigrant . . . ." 8 U.S.C. § 1255(e). We cannot conclude that Ramchandani's bare testimony that he married a U.S. citizen a few days before his hearing—unsupported by a visa petition, an adjustment application, or by any evidence indicating he had married in good faith—amounted to a showing of good cause so as to warrant a continuance.

B. DENIAL OF MOTION TO REOPEN

Lastly, Ramchandani argues that the BIA erred in denying his motion to reopen. We review the denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005).[6]

---

[6] The BIA's opinion below used the terms "motion to reopen" and "motion to remand" interchangeably. Whether Ramchandani's motion was formally one for remand or for reopening did not change the substance of the BIA's inquiry below, and it does not change our standard of review. Ramchandani's motion sought to submit a new application for adjustment of status and to present additional evidence not available at his initial hearing, for

Ramchandani sought reopening to apply for adjustment of status through a concurrently filed visa petition from his wife. "A motion to reopen proceedings for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). Under 8 C.F.R. § 213a.2, Ramchandani was required to file both an "Affidavit of Support" (Form I-864) and three years of income tax returns from O'Hanlon. He did not do so. Thus, Ramchandani's motion to reopen failed to comply with applicable regulations.

Furthermore, the Department of Homeland Security ("DHS") opposed Ramchandani's motion to reopen. Subject to an exception not applicable here, the BIA may not grant motions to reopen based on marriages entered into after the commencement of deportation or exclusion proceedings when they are opposed by DHS. *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002).[7] Thus, the BIA did not abuse its discretion.

---

example, his July 8, 2003 marriage certificate. Under such circumstances, a motion to remand is subject to the same standards and regulations governing motions to reopen. *See In re Coehlo*, 20 I. & N. Dec. 464, 471 (BIA 1992).

[7] The BIA may grant an otherwise meritorious motion to reopen despite DHS opposition if the sole basis for its opposition is that the alien married after the commencement of a deportation or exclusion proceeding. *See Velarde-Pacheco*, 23 I. & N. Dec. at 256. Since DHS opposed Ramchandani's motion because it failed to include an Affidavit of Support and income documentation, its opposition was determinative.

### III. Conclusion

The BIA did not abuse its discretion in finding no good cause for a continuance. It did not abuse its discretion in denying Ramchandani's motion to reopen. Accordingly, the petition for review is DENIED.