# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2008

Charles R. Fulbruge III
Clerk

No. 06-60626
Summary Calendar

ALEXANDER IFEANYI IJEMBA, also known as Alexa Ijemba

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A26 489 985

Before HIGGINBOTHAM, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Alexander Ifeanyi Ijemba, a native of Nigeria and a citizen of Nigeria and the United Kingdom, has filed two petitions for review. Ijemba seeks to challenge a BIA order issued on June 9, 2006, affirming an immigration judge's (IJ) order of removal, construing Ijemba's challenge to the IJ's jurisdiction based on new evidence as a motion to remand, and denying the motion. Ijemba also seeks to challenge a BIA order issued on August 7, 2006, denying his motion for reconsideration of its prior decision.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ijemba filed his initial petition for review on July 5, 2006, within 30 days of the BIA's June 9, 2006, order. That petition is properly before this court and vests this court with jurisdiction to consider the June 9, 2006, order. 8 U.S.C. § 1252(b)(1). Ijemba attempted to challenge both the June 9 and the August 7, 2006, orders in his brief supporting his July 5 petition for review. This court lacks jurisdiction to review the BIA's August 7 denial of Ijemba's motion for reconsideration because Ijemba did not file a separate and timely petition for review of that decision; he only disputed that decision in his supporting brief. See Guevara v. Gonzales, 450 F.3d 173, 176 (5th Cir. 2006) (quoting Jaquez-Vega v. Gonzales, 140 Fed.Appx. 547 (5th Cir. Aug. 5, 2005) (unpublished)) (recognizing that "'[t]he BIA's denial of an appeal and its denial of a motion to reconsider are two separate final orders, each of which require their own petitions for review'"); Karimian-Kaklaki v. INS., 997 F.2d 108, 111 (5th Cir. 1993). Ijemba filed his second petition for review on December 11, 2006, more than 30 days after either of the BIA's orders. The Respondent's motion to dismiss that petition for lack of jurisdiction is granted. See 8 U.S.C. § 1252(b)(1).

Ijemba has not shown that the BIA in its June 9 order erred by construing his challenge to the IJ's jurisdiction based on new evidence as a motion to remand or by rejecting that motion on grounds that apply to motions to reopen. See Ramchandani v. Gonzales, 434 F.3d 337, 340 n.6 (5th Cir. 2005) (where circumstances permit, motions to remand and reopen are "subject to the same standards and regulations"); see also Ogbemudia v. INS, 988 F.2d 595, 600 (5th Cir. 1993) (affirming the BIA's characterization of plaintiff's motion as a motion to remand and its simultaneous consideration of that motion as a motion to reopen). Nor has Ijemba shown that the BIA abused its discretion in denying the motion to remand. Ijemba argued that the immigration court in Oakdale, Louisiana, lacked jurisdiction to order his removal because the government had already instituted deportation proceedings against him in Phoenix, Arizona.

Ijemba failed to explain why he did not present this evidence during his removal proceedings. See id. at 601 (rejecting a challenge to the BIA's denial of a motion to reopen partially because the new evidence that plaintiff submitted was available when deportation proceedings occurred). Moreover, although Ijemba acknowledges that the commencement of deportation proceedings requires the filing of an order to show cause, he has not shown that an order to show cause was filed in the Phoenix immigration court.

Finally, we are not persuaded that the BIA erred in affirming the IJ's order of removal based on his 1991 criminal convictions. Ijemba's argument that his criminal convictions were not sufficiently final to support a removal order is unavailing. Even if a conviction must be final to support an order of removal – a contention that we have recently questioned[1] – the BIA did not err in finding that his conviction was final.[2]

Ijemba has not shown that the BIA erred in denying his appeal from the IJ's order of removal, erred in construing his challenge to the IJ's jurisdiction as a motion to remand in the nature of a motion to reopen, or abused its discretion in denying that motion. His initial petition for review is denied.

> INITIAL PETITION DENIED; MOTION TO DISMISS GRANTED; SECOND PETITION DISMISSED.

---

[1] See Moosa v. INS, 171 F.3d 994, 1008-09 (5th Cir. 1999).

[2] The Ninth Circuit affirmed Ijemba's conviction on direct appeal. Ijemba argued that the affirmance was unconstitutional because he did not have counsel on appeal. The BIA found that Ijemba had initially requested counsel but then filed a motion with the Ninth Circuit to proceed pro se, which the court granted.