# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 6, 2008

Charles R. Fulbruge III
Clerk

No. 07-60117
Summary Calendar

ARTURO AZUA-BARRON, also known as Arturo Azua

Petitioner

v.

MICHAEL B MUKASEY, US ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A96 042 413

Before KING, DAVIS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Arturo Azua-Barron, a native and citizen of Mexico, has filed a petition for review of the Board of Immigration Appeals' (BIA) denial of his motion to remand the removal proceedings to the immigration judge (IJ) so that he could reapply for nonpermanent resident cancellation of removal. Azua-Barron contends that he withdrew his application for cancellation of removal under the erroneous belief that he was not eligible for relief. He now believes that, in view

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the BIA's decision in In re Avilez-Nava, 23 I & N Dec. 799 (BIA 2005), he is eligible because his prior departure in 2001 did not interrupt his continuous presence in the United States. He argues that he meets all the requirements and that his removal from the United States would result in exceptional and extremely unusual hardship for his wife and children who are United States citizens.

This court reviews the BIA's conclusions of law de novo, deferring to the BIA's interpretation of immigration regulations if the interpretation is reasonable. Long v. Gonzales, 420 F.3d 516, 519 (5th Cir. 2005). The court reviews the BIA's factual findings to determine whether they are supported by substantial evidence. Id. A motion filed before the BIA while the IJ's removal decision is before the BIA on direct appeal is considered a motion to remand. Wang v. Ashcroft, 260 F.3d 448, 451-52 (5th Cir. 2001). We review the BIA's denial of the motion for an abuse of discretion. Ramchandani v. Gonzales, 434 F.3d 337, 340 n.6 (5th Cir. 2005).

Azua-Barron does not identify any error in the BIA's determination that he was advised of and understood the consequences of withdrawing his application and chose to withdraw it at the prior removal hearing, and there is substantial evidence to support the BIA's determination. Nor was Azua-Barron's motion based on circumstances that arose after the prior hearing, as the decision in In re Avilez-Nava was available prior to the removal hearing. Azua-Barron has not shown that the BIA's decision was "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." See Singh v. Gonzales, 436 F.3d 484, 487 (5th Cir. 2006). Accordingly, Azua-Barron's petition for review is DENIED.