# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 24, 2011

No. 10-60902
Summary Calendar

Lyle W. Cayce
Clerk

ERNEST SELAMBI,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A099 276 481

Before BENAVIDES, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ernest Selambi, a citizen of Cameroon, has filed a petition for review of the Board of Immigration Appeals' (BIA) dismissal of his appeal from the decision of the immigration judge denying his application for withholding of removal and relief under the Convention Against Torture (CAT). Before this court, he does not challenge the adverse ruling on his application for withholding of removal or relief under the CAT. Instead, he contends that the BIA abused its discretion by not considering his pro se brief, which included documentary evidence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60902

presented for the first time in the case, as a motion to remand or reopen the proceedings. Selambi also asserts that any denial of such a motion constitutes an abuse of discretion because his new evidence was material and some of it was not available at the time of his hearing before the immigration judge.

When an alien files a motion seeking consideration of new evidence during the pendency of an appeal to the BIA, it is considered a motion to remand in the nature of a motion to reopen. *Ramchandani v. Gonzales*, 434 F.3d 337, 340 n.6 (5th Cir. 2005). Such a motion is subject to the same standards and regulations governing motions to reopen. *Id.* We review the BIA's denial of a motion to reopen "under a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). That discretion will not be disturbed unless it is arbitrary, capricious, racially invidious, or utterly without evidentiary foundation. *Mai v. Gonzales*, 473 F.3d 162, 164 (5th Cir. 2006).

Contrary to Selambi's assertion, the BIA in fact expressly declined to remand the case for further consideration. Moreover, although Selambi did present some evidence that was not available at the time of his hearing before the immigration judge, he has not shown that the evidence was material or that it would have affected the adverse credibility finding, which was based on his attempts to rely on a sham marriage to adjust his status and on discrepancies and omissions in Selambi's testimony, application, and evidence regarding the abuses that he personally suffered. Thus, Selambi has not shown that the BIA abused its discretion by denying his motion to remand. *See* 8 C.F.R. § 1003.2(c)(1); *Mai*, 473 F.3d at 164. Consequently, Selambi's petition for review is DENIED.