# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2013

Lyle W. Cayce
Clerk

No. 12-60815
Summary Calendar

DIEGO CASTILLO-BALTAZAR,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205 450 549

Before BARKSDALE, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Diego Castillo-Baltazar contests the Board of Immigration Appeals' (BIA) dismissing his appeal from the immigration judge's ordering removal. He contends the immigration judge erred by denying his request for a continuance so he could seek deferred removal, subject to prosecutorial discretion, under the Deferred Action for Childhood Arrivals (DACA) program, which favors certain aliens who arrived in the United States as children.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review the BIA's decision, as well as the immigration judge's decision to the extent it influenced the BIA. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Review is for abuse of discretion, and we affirm unless the decision is "capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach". *Cabral v. Holder*, 632 F.3d 886, 890 (5th Cir. 2011).

Contrary to Castillo's assertions, the record plainly shows he never asked the immigration judge for a continuance. After advising the immigration judge that Castillo was seeking only prosecutorial discretion and being told that issue was not before the court, Castillo's counsel, when asked by the immigration judge, "What do you seek from the court?", replied, "No, Your Honor. We don't - - we won't seek anything". Contrary to the assertion made here by Castillo's counsel, who also represented Castillo by telephone before the immigration judge, Castillo's advising he was seeking prosecutorial discretion was not an implied request for a continuance. Moreover, even if he had requested a continuance, he would not have been entitled to one, without showing good cause. *See Bright v. INS*, 837 F.2d 1330, 1332 (5th Cir. 1988). His speculative bid for prosecutorial discretion could not have established good cause where he did not show he had applied for deferred removal and did not specify the duration of a possible continuance. *E.g.*, *Witter v. INS*, 113 F.3d 549, 555-56 (5th Cir. 1997) (upholding denial of indefinite continuance pending state criminal proceedings); *see also Ramchandani v. Gonzales*, 434 F.3d 337, 339-40 & n.2 (5th Cir. 2005) (speculation about possible relief is not good cause).

In addition, Castillo fails to show the denial of a continuance caused him actual prejudice. *See In re Sibrun*, 18 I. & N. Dec. 354, 356-57 (BIA 1983). The

BIA stated, and Castillo does not dispute, that he may yet be eligible for relief under the DACA program.

DENIED.