# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60581
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 23, 2018

Lyle W. Cayce
Clerk

DANLI YANG,

Petitioner

v.

JEFFERSON B. SESSIONS, III, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 872 460

Before DAVIS, HAYNES and GRAVES, Circuit Judges.

PER CURIAM:*

Danli Yang petitions for review of the decision of the Board of Immigration Appeals (BIA) dismissing her appeal from the order of the immigration judge (IJ) denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Yang's application is based upon claims that she was (1) subjected to a forced abortion and lost her job at a coffee house because she became pregnant out of wedlock,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60581

and (2) (a) arrested, detained, beaten, and fined for attending a Christian home church on the evening of December 24, 2010, and (b) prevented from attending the home church or contacting its members after her release.  Because the BIA adopted and relied upon the IJ's decision, we may review the decisions of both the BIA and the IJ.  *See Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

We review for substantial evidence the findings that Yang is not credible, *see Wang v. Holder*, 569 F.3d 531, 536-40 (5th Cir. 2009), and that she is not eligible for asylum, withholding of removal, or CAT relief, *see Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).  Under this standard, we may not reverse a factual finding unless the evidence compels it.  *Wang*, 569 F.3d at 536-37; 8 U.S.C. § 1252(b)(4)(B).  Yang must carry the burden of demonstrating that the evidence compels a contrary conclusion.  *See Zhao v. Gonzales*, 404 F.3d 295, 306 (5th Cir. 2005).  Even if Yang's arguments are deemed pro se and afforded liberal construction, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), they fail for the following reasons.

The IJ and the BIA "may rely on *any* inconsistency or omission in making an adverse credibility determination as long as the totality of the circumstances establishes that an asylum applicant is not credible."  *Wang*, 569 F.3d at 538 (internal quotation marks and citation omitted) (emphasis in original).  Although Yang presented some documentary evidence supporting her version of events, we cannot say that the evidence compels the conclusion that she is credible under the totality of the circumstances; the BIA based its contrary finding upon numerous vague and inconsistent statements made by Yang during her asylum interview and hearing testimony regarding, inter alia, the whereabouts of her brother, her educational history, and the details surrounding her alleged forced abortion, arrest, and detention.  *See Wang*, 569 F.3d at 536-40.

No. 17-60581

The news articles cited by Yang in support of her asylum claim are not part of the administrative record; thus, we will not consider them. *See* § 1252(b)(4)(A); *Ramchandani v. Gonzales*, 434 F.3d 337, 339 n.1 (5th Cir. 2005). Given the adverse credibility determination, Yang fails to show that the denial of her asylum claim is unsupported by substantial evidence. *See Zhang*, 432 F.3d at 344. Because Yang fails to show that she is entitled to asylum, she necessarily fails to show that she is entitled to withholding of removal. *See Efe*, 293 F.3d at 906.

We will not consider Yang's unexhausted argument, which the BIA also declined to consider, that she will be tortured if she is returned to China because she broke Chinese law by leaving the country while under police supervision and without documentation. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004); § 1252(d)(1). In light of the adverse credibility finding and Yang's inability to cite record evidence compelling the conclusion that she will more likely than not be tortured if she is returned to China, *see Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015), she fails to show that the BIA's dismissal of her claim for CAT relief is not supported by substantial evidence. *See Zhang*, 432 F.3d at 344.

Yang's petition for review is DENIED.