# United States Court of Appeals for the Fifth Circuit

No. 19-60782
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 8, 2021

Lyle W. Cayce
Clerk

Gabriel Maiyili Ndonyi,

*Petitioner*,

*versus*

Robert M. Wilkinson, *Acting U. S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A209 869 749

Before Barksdale, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:*

Gabriel Maiyili Ndonyi, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' (BIA) decision: dismissing his appeal of an Immigration Judge's (IJ) denial of his application for asylum; and denying his motion to remand based on previously unavailable evidence.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60782

Ndonyi contends the BIA erred in concluding:  he waived any challenge to the IJ's denial of withholding of removal and protection under the Convention Against Torture (CAT); he was ineligible for asylum because he did not suffer past persecution or have an objective fear of future persecution; and he failed to establish *prima facie* eligibility for asylum, withholding of removal, or CAT relief based on previously unavailable evidence.

Our court reviews the BIA's decision and the IJ's decision insofar as it influenced the BIA.  *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Legal conclusions are reviewed *de novo*; factual findings, for substantial evidence.  *Iruegas-Valdez v. Yates*, 846 F.3d 806, 810 (5th Cir. 2017). Reversal is improper under substantial-evidence review unless the evidence compels a contrary conclusion.  *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

Since 2002, Ndonyi has been a member of Cameroon's ruling political party, the Cameroon People's Democratic Movement (CPDM), which is affiliated with the country's French-speaking population.  Notwithstanding his political affiliation, Ndonyi is an anglophone.  In 2016, the Ambazonians—English speakers who oppose the ruling party—attacked Ndonyi while he was wearing his CPDM uniform.  Later, after a group of Ambazonians threatened to burn his house down, Ndonyi fled for the United States.

First, Ndonyi contends the BIA erred in concluding he waived his claim for CAT relief.  This contention was raised for the first time in seeking review by this court.  Ndonyi has, accordingly, failed to exhaust; we lack jurisdiction to review it.  *See Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009) ("[W]here the BIA's decision itself results in a new issue and the BIA has an available and adequate means for addressing that issue, a party must first bring it to the BIA's attention through a motion for reconsideration").

No. 19-60782

Similarly, we lack jurisdiction to consider his unexhausted claim that the IJ's denial of asylum was predicated on a misunderstanding of the geopolitical nature of Cameroon. *See id.*

Second, Ndonyi asserts past persecution and fear of future persecution, maintaining the BIA erred in considering only the single attack against him in 2016 and not additional, separate attacks on his sister, son, and niece. Ndonyi, however, did not have first-hand knowledge of the perpetrators or their motivations for these attacks. He did not present evidence from eyewitnesses to the attack on the children, and he further testified his sister was targeted because of her own political opinion—not to harm or punish Ndonyi. The attacks on his family members therefore did not amount to persecution of Ndonyi. *See Kane v. Holder*, 581 F.3d 231, 239 (5th Cir. 2009) (explaining, for the purposes of past persecution, harm to a family member must be done "with the intended purpose of causing emotional harm to the applicant").

Further, the evidence does not compel the conclusion Ndonyi has an objectively reasonable fear of future persecution. *See Chen*, 470 F.3d at 1135 ("To establish a well-founded fear of future persecution, an applicant must demonstrate a subjective fear of persecution, and that fear must be objectively reasonable.") (internal quotation marks and citations omitted). There is nothing in the record showing, *inter alia*, the CPDM would persecute its own members who speak English. Moreover, there was no evidence the Cameroonian government would condone violence against him, especially considering his long-term membership in the governing party. *See Galina v. I.N.S.*, 213 F.3d 955, 958 (7th Cir. 2000) ("[A] finding of persecution ordinarily requires a determination that government authorities, if they did not actually perpetrate or incite the persecution, condoned it or at least demonstrated a complete helplessness to protect the victims").

3

Finally, Ndonyi contends the BIA erred in denying his motion to remand based on new evidence showing he would not have access to his HIV medication in Cameroon. Because Ndonyi sought to present additional evidence that was unavailable at his initial hearing, his motion to remand "is subject to the same standards and regulations governing motions to reopen". *Ramchandani v. Gonzales*, 434 F.3d 337, 340 n.6 (5th Cir. 2005). A motion to reopen may be denied if the alien fails to make a *prima facie* showing that he is entitled to the relief requested. *I.N.S. v. Abudu*, 485 U.S. 94, 104 (1988). The denial of a motion to reopen is reviewed for abuse-of-discretion. *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005).

Ndonyi has legitimate health concerns, but he has not alleged any connection between the asserted harm and a protected ground, and he has not alleged the unavailability of his medication constitutes an intentionally-inflicted harm. The BIA did not abuse its discretion in denying his motion on the grounds he did not establish *prima facie* eligibility for asylum, withholding of removal, or CAT relief.

DISMISSED IN PART; DENIED IN PART.