# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 24, 2021

Lyle W. Cayce
Clerk

No. 19-60787

Kevelin Danery Espinal-Lagos; Danny Yanina
Bethanco-Espinal; Marvin Jared Bethanco-Espinal,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A205 082 197
BIA No. A206 731 467
BIA No. A206 731 468

Before Wiener, Elrod, and Higginson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:*

Kevelin Danery Espinal-Lagos and her two minor sons were ordered
removed to Honduras by an Immigration Judge. While their appeal was

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60787

pending before the Board of Immigration Appeals, the petitioners filed derivative U visa applications with United States Citizenship and Immigration Services that, if granted, would allow them to move to reopen their removal proceedings.  Accordingly, the petitioners filed a motion requesting that the Board remand their case so that they could seek a continuance from the Immigration Judge pending the resolution of their derivative U visa applications.  The Board dismissed their appeal and denied their motion to remand, reasoning that their "U-visa eligibility and the steps being taken in pursuit of a U-visa could have been discussed at the hearing before the Immigration Judge entered a decision."  For the narrow ground articulated herein, we hold that the Board abused its discretion in its reason for denying the petitioners' motion to remand.

## I.

## A.

Kevelin Danery Espinal-Lagos is the lead petitioner, and her two minor sons are derivatives of her applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").  They are natives and citizens of Honduras and entered the United States in 2011 and 2014.

In 2014, the Department of Homeland Security ("DHS") served each petitioner with a notice to appear ("NTA"), charging Espinal-Lagos with removability as an immigrant not in possession of a valid travel document at the time of admission and charging her sons as removable for being present in the United States without being admitted or paroled.  At a hearing held before an Immigration Judge ("IJ") on May 13, 2015, petitioners admitted the factual allegations and removal charges in their respective NTAs, but Espinal-Lagos filed an application for asylum, withholding of removal, and CAT protection that included her sons as derivative beneficiaries.

On February 7, 2018, Espinal-Lagos testified before an IJ in support of her and her sons' applications. One week after the hearing, the IJ denied their applications for asylum, withholding of removal, and CAT protection and ordered them removed to Honduras. The next month, March 2018, the petitioners appealed to the Board of Immigration Appeals (the "Board," or "BIA").

## B.

Espinal-Lagos's husband, Marvin Gustavo Bethanco Vargas, is not a party to this petition. He resides in Texas and was a victim of aggravated robbery; three men assaulted and robbed Bethanco at gun point, and they fired shots at him as they fled. Bethanco cooperated with the Richardson Police Department and testified at the Dallas County District Court. Ultimately, the perpetrators were each convicted of aggravated robbery with a deadly weapon, in violation of Texas Penal Code § 29.03, a first-degree felony.

In 2000, Congress created the U visa as part of the Victims of Trafficking and Violence Protection Act. Pub. L. No. 106–386, § 1513, 114 Stat. 1464, 1533–37 (2000) (codified in scattered sections of 8 U.S.C.). The U visa is available for victims of certain crimes who have suffered mental or physical abuse and who have been, are being, or are likely to be helpful to law enforcement or government officials in the investigation or prosecution of the crime of which they were victims. 8 U.S.C. § 1101(a)(15)(U)(i). The Act also provides that certain qualifying family members can obtain derivative U visas based on their relationship to the victim, the principal filing for the U visa. *Id.* § 1101(a)(15)(U)(ii). Congress's purpose in creating the U visa was "to create a new nonimmigrant visa classification that will strengthen the ability of law enforcement agencies to detect, investigate, and prosecute cases of . . . crimes . . . committed against aliens, while offering protection to victims

of such offenses in keeping with the humanitarian interests of the United States." Victims of Trafficking and Violence Protection Act § 1513, 114 Stat. at 1533.

Based on his status as a victim of aggravated robbery with a deadly weapon, Bethanco applied to United States Citizenship and Immigration Services ("USCIS") for a U visa on July 6, 2018. As part of his U visa application, Bethanco needed a law enforcement official to certify that he had been the "victim of qualifying criminal activity" and that he "has been, is being, or is likely to be helpful to an investigation or prosecution of that qualifying criminal activity." 8 C.F.R. § 214.14(c)(2)(i) (implementing regulations of the Victims of Trafficking and Violence Protection Act). Bethanco obtained this law enforcement certification from the Chief District Attorney of Dallas County, Texas, in a signed Form I-918, Supplement B on January 31, 2018.

The same day Bethanco applied for a U visa, July 6, 2018, the petitioners also submitted derivative U visa applications to USCIS.

In June 2019, while their appeal was still pending before the Board, the petitioners filed an unopposed motion to remand their case to the IJ. Before the IJ, they planned to request a continuance of their removal proceedings pending the resolution of their derivative U visa applications pursuant to *Matter of Sanchez Sosa*, in which the Board held that a continuance for a reasonable period of time should ordinarily be granted when the petitioner demonstrates prima facie eligibility for a U visa. 25 I. & N. Dec. 807, 815 (BIA 2012). The Board instead denied their motion to remand in its dismissal of their appeal, reasoning that their "U-visa eligibility and the steps being taken in pursuit of a U-visa could have been discussed at the hearing before the Immigration Judge entered a decision." Petitioners timely appealed to this court.

## II.

When a petitioner's motion to remand seeks consideration of new evidence during the pendency of an appeal, it is considered as a motion to reopen. *Ramchandani v. Gonzales*, 434 F.3d 337, 340 n.6 (5th Cir. 2005); *see also Matter of Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992). We review the denial of such a motion under "a highly deferential abuse-of-discretion standard." *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005). The Board abuses its discretion "when it issues a decision that is capricious, irrational, utterly without foundation in the evidence, based on legally erroneous interpretations of statutes or regulations, or based on unexplained departures from regulations or established policies." *Navarrete-Lopez v. Barr*, 919 F.3d 951, 953 (5th Cir. 2019) (quoting *Barrios-Cantarero v. Holder*, 772 F.3d 1019, 1021 (5th Cir. 2014)).

## III.

Under the governing regulations, the Board may not grant a motion to reopen "unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also I.N.S. v. Abudu*, 485 U.S. 94, 104 (1988).

The Board relied on this ground to deny Espinal-Lagos's motion to remand. In a single-member opinion, the Board found that although Espinal-Lagos "appear[ed] to have demonstrated her prima facie eligibility for the relief sought," it was "not persuaded that she met the regulatory requirements for a motion to remand, that is, the respondent's U-visa eligibility and the steps being taken in pursuit of a U-visa could have been discussed at the hearing before the Immigration Judge entered a decision."

The Board's decision, and the Government's argument in its brief to us, considers Espinal-Lagos to have been "eligible" for a U visa as of the date

No. 19-60787

that the district attorney signed her husband's U visa certification (January 13, 2018), not the date on which her husband filed his U visa application with USCIS (July 6, 2018). But this is contrary to the governing regulations, which provide that a family member is "eligibl[e]" for derivative U nonimmigrant status when the "principal alien," here Espinal-Lagos's husband, "has petitioned for or has been granted U–1 nonimmigrant status." 8 C.F.R. § 214.14(f). The regulations refer to the act of submitting the U visa application form, Form I-918, as "[f]iling a petition." *Id*. § 214.14(c)(1).

Thus, according to the regulations, Espinal-Lagos did not become prima facie "eligible" for a derivative U visa until her husband filed his U visa application with USCIS on July 6, 2018—several months after her hearing before the IJ on February 7, 2018. Indeed, during oral argument when asked, "When was Ms. Espinal-Lagos eligible for a U visa?", the Government responded that she was "eligible when it's filed"—"it" being Bethanco's U visa application.[1] The position the Government urges—that Espinal-Lagos should have disclosed to the IJ her potential future eligibility given the district attorney signature on her husband's U visa certification—has no basis in the regulations.

Therefore, the Board's denial of Espinal-Lagos's motion to remand was based on a legally erroneous interpretation of the governing regulations. *Navarrete-Lopez*, 919 F.3d at 953. The Board's decision was also irrational because it required Espinal-Lagos to have presented information to the IJ that could not have been discovered or presented at that time. *Id*.

---

[1] U.S. Court of Appeals for the Fifth Circuit, *19-60787 Espinal-Lagos v. Garland, June 7, 2021*, YOUTUBE at 16:47 (June 8, 2021), https://youtu.be/XduED1oNIqc?t=1007.

No. 19-60787

IV.

Because the Board abused its discretion in its single reason for denying Espinal-Lagos's motion to remand, we grant the petition for review and REMAND to the Board for proceedings consistent with this opinion.