# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 7, 2022

Lyle W. Cayce
Clerk

No. 20-60673
Summary Calendar

Jorge Andres Rodriguez-Arevalo; Ademir Enrique Rodriguez-Arevalo,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. 202 079 678
BIA No. 202 079 677

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Jorge Andres Rodriguez-Arevalo (Jorge) and Ademir Enrique Rodriguez-Arevalo (Ademir), natives and citizens of El Salvador, are brothers who petition this court for review of the decision of the Board of

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60673

Immigration Appeals (BIA) dismissing their appeal of the Immigration Judge's (IJ) denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). They also move for a remand of this matter to the IJ and for this case to be placed in abeyance.

We review the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *See Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). We review questions of law de novo and factual findings for substantial evidence. *Id.* Under the substantial evidence standard, "[t]he alien must show that the evidence was so compelling that no reasonable factfinder could conclude against it." *Wang v. Holder*, 569 F.3d 531, 537 (5th Cir. 2009).

First, relying upon *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), the petitioners argue that the BIA erred in finding that the Department of Homeland Security properly initiated removal proceedings against them because the Notice to Appear failed to specify the time and location of the removal proceedings. However, the BIA did not err in determining that the Department properly commenced removal proceedings because a Notice to Appear is "sufficient to commence proceedings even if it does not include the time, date, or place of the initial hearing." *Pierre-Paul v. Barr*, 930 F.3d 684, 693 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021).

Second, the petitioners argue that the BIA erred in affirming the IJ's determination that they are not entitled to asylum and withholding of removal based upon their persecution by gangs for being members of the particular social group consisting of young Salvadoran males who lack parental protection. We need not resolve the question of whether the petitioners' proposed particular social group is cognizable because the

evidence does not compel a finding that there was a requisite nexus between the harm they suffered or feared and membership in that group. *See Vazquez-Guerra v. Garland*, 7 F.4th 265, 268-69, 270-71 (5th. Cir. 2021), *petition for cert. filed* (U.S. Oct. 27, 2021) (No. 21-632). The petitioners testified that members demanded money from and threatened the petitioners and their aunt, but we have held that economic extortion and conduct driven by purely personal or criminal motives do not constitute persecution on account of a protected ground. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 350 (5th Cir. 2002). Without the required nexus, the petitioners' asylum claim fails. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 349-50 (5th Cir. 2006). Further, because they did not establish entitlement to asylum, they cannot meet the standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Third, the petitioners assert that the BIA erred in affirming the IJ's finding that they are not entitled to CAT protection. The record does not establish that it is more likely than not that they would be tortured if removed to El Salvador and that any Salvadoran public official knows who they are or would be willing to acquiesce in their torture. *See* 8 C.F.R. § 1208.16(c)(2); 8 C.F.R. § 1208.18(a)(1); *see also Tamara-Gomez*, 447 F.3d at 350. Therefore, the record evidence does not compel the conclusion that the petitioners are eligible for CAT protection. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 493 (5th Cir. 2015); *Wang*, 569 F.3d at 537.

Fourth, the petitioners assert that the BIA erred when it did not grant their motion to remand based on visa number availability and their Special Immigrant Juvenile status. Because the petitioners sought to remand their case to the IJ to determine their eligibility for relief based on previously unavailable evidence regarding visa number availability and their Special Immigrant Juvenile status, their request was in the nature of a motion to reopen and is subject to the substantive requirements for such a motion. *See*

*Ramchandani v. Gonzales*, 434 F.3d 337, 340 n.6 (5th Cir. 2005). The BIA did not abuse its discretion in denying the petitioners' motion to open as they only speculated as to when their visa dates would become available. *See Qorane v. Barr*, 919 F.3d 904, 912 (5th Cir. 2019); *Ramchandani*, 434 F.3d at 340 n.6; *Zhao v. Gonzales*, 404 F.3d 295, 303-04 (5th Cir. 2005).

Finally, the petitioners also raise the following claims: (1) the harm they experienced in El Salvador rose to the level of persecution; (2) they have a well-founded fear of future persecution; (3) the El Salvadoran government is unable or unwilling to protect them from the gangs, ECF 31; (4) they are unable to relocate safely to another area of El Salvador, and (5) they are entitled to humanitarian asylum. We lack jurisdiction to consider these claims. *See Vasquez v. Sessions*, 885 F.3d 862, 867-69 (5th Cir. 2018); *Enriquez-Gutierrez v. Holder*, 612 F.3d 400, 407 (5th Cir. 2010).

The petition for review is DENIED in part and DISMISSED in part for lack of jurisdiction. The petitioners' motions for a remand and for this case to be placed in abeyance are DENIED.