# United States Court of Appeals
# for the Fifth Circuit

————————

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2023

Lyle W. Cayce
Clerk

No. 23-60155
Summary Calendar

————————

Yu Deng Hu,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A215 759 368

————————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Yu Deng Hu, a native and citizen of China, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of the Immigration Judge (IJ) finding him not credible, ordering him removed, and denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-60155

We review the BIA's opinion and consider the IJ's decision only insofar as it influences the BIA. *Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018). Because the BIA's determinations that Hu was incredible and ineligible for CAT relief are reviewed for substantial evidence, we should not disturb them unless the evidence "compels" a contrary conclusion. *Singh*, 880 F.3d at 224–25; *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

Hu's general arguments that any discrepancies arising amongst his evidence were trivial and that he provided reasonable explanations for them do not meet the substantial evidence standard. *See Singh*, 880 F.3d at 224–25; *see also Arulnanthy v. Garland*, 17 F.4th 586, 594 (5th Cir. 2020). Because the adverse credibility finding suffices to deny Hu's claims for asylum and withholding, we decline to consider his remaining arguments concerning this form of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam); *Arulnanthy*, 17 F.4th at 597; *Chun v. INS*, 40 F.3d 76, 79 (5th Cir. 1994).

Insofar as he relies upon new evidence in support of his CAT argument, we decline to consider it. *See* 8 U.S.C. § 1252(b)(4)(A); *Ramchandani v. Gonzales*, 434 F.3d 337, 339 n.1 (5th Cir. 2005). His arguments based on record evidence do not compel the conclusion that he more likely than not will be tortured if repatriated. *See Zhang*, 432 F.3d at 344; *Morales v. Sessions*, 860 F.3d 812, 818 (5th Cir. 2017). The petition for review is DENIED.