# United States Court of Appeals for the Fifth Circuit

────────────

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2024

Lyle W. Cayce
Clerk

No. 23-60565
Summary Calendar

────────────

Juan David Gutierrez Hoyos; Maira Alexandra Sterling Sanchez; Nahiara Gutierrez Sterling,

*Petitioners*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent.*

───────────────────────────────────

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A241 727 465,
A241 727 466, A241 727 467

───────────────────────────────────

Before Willett, Duncan, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Juan David Gutierrez Hoyos, Maira Alexandra Sterling Sanchez, and Nahiara Gutierrez Sterling are natives and citizens of Colombia. They petition for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial of asylum, withholding of removal, and

───────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

protection under the Convention Against Torture. The BIA also denied their motion for remand to the immigration judge (IJ) for consideration of new evidence.

We review the BIA's decision and consider the IJ's decision only to the extent it influenced the BIA. *Avelar-Oliva v. Barr*, 954 F.3d 757, 763 (5th Cir. 2020). The BIA affirmed the IJ's denial of relief because Petitioners did not provide sufficient corroborating evidence or explain why they could not reasonably obtain it. *See* 8 U.S.C. § 1158(b)(1)(B)(ii); *Rui Yang v. Holder*, 664 F.3d 580, 584–87 (5th Cir. 2011); *Avelar-Oliva*, 954 F.3d at 764. Petitioners do not brief any argument challenging that conclusion and have thus forfeited the issue here. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court . . . or by failing to adequately brief the argument on appeal."). Because Petitioners forfeit any challenge to the BIA's conclusion regarding corroboration, we need not and thus do not reach the government's alternative argument that any such challenge was not exhausted. *See* 8 U.S.C. § 1252(d)(1).

We review the BIA's denial of Petitioners' motion for remand "under a highly deferential abuse-of-discretion standard." *Milat v. Holder*, 755 F.3d 354, 365 (5th Cir. 2014) (quoting *Zhao v. Gonzales*, 404 F.3d 295, 303 (5th Cir. 2005)). "A motion to remand for new evidence shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing."[1] *Id.* (cleaned up) (citing 8 C.F.R.

---

[1] We treat Petitioners' motion to remand for consideration of new evidence as a motion to reopen, using the standard articulated in 8 C.F.R. § 1003.2(c). *See Ramchandani v. Gonzales*, 434 F.3d 337, 340 n.6 (5th Cir. 2005) (citing *Matter of Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992)).

§ 1003.2(c)(1) and *Matter of Ige*, 20 I. & N. Dec. 880, 883 (BIA 1994)); *see also Nunez v. Sessions*, 882 F.3d 499, 508 (5th Cir. 2018) (per curiam); 8 C.F.R. § 1003.2(c)(1)–(3). "Further, a party seeking [remand for consideration of new evidence] bears a 'heavy burden.'" *Matter of Coelho,* 20 I. & N. Dec. 464, 472 (BIA 1992) (quoting *INS v. Abudu*, 485 U.S. 94, 110 (1988)).

Petitioners argue that they are entitled to remand because they can offer a written declaration by Gutierrez Hoyos and a recent report on conditions in Columbia. Petitioners did not include this new evidence in their motion for remand, much less show that it was previously unavailable and material. Gutierrez Hoyos's written declaration, as described by Petitioners, would concern events about which he had previously testified before the IJ, and Petitioners offer no explanation why they could not have filed the declaration then. *See Milat*, 755 F.3d at 365. Further, by merely describing the contents of the country report in their brief without applying that information to their situation, Petitioners have failed to carry their "heavy burden" of "[s]howing changed country conditions" by "making a meaningful comparison between the conditions at the time of the removal hearing and the conditions at the time [they moved to remand]." *See Nunez*, 882 F.3d at 508; *see also Suate-Orellana v. Barr*, 979 F.3d 1056, 1063 (5th Cir. 2020) (holding that the BIA did not abuse its discretion in denying a motion to remand when the proposed "new evidence was similar to evidence already considered and rejected by the IJ" and Petitioner had failed to "show[] any connection" between the new evidence and herself).

Petitioners contend that their newly offered evidence could be considered because the rules of evidence were not strictly binding in their immigration proceedings. This argument is unavailing. To begin with, the IJ did not exclude evidence sought to be admitted by Petitioners. And further, the relevant standard is not whether the evidence could be considered but

No. 23-60565

whether it warranted remand by the BIA because it was previously unavailable and material. Petitioners have not shown that the BIA abused its discretion in denying their motion for remand.

The petition for review is DENIED.