# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-60582
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 10, 2025

Lyle W. Cayce
Clerk

Meylin Vanessa Cano-Flores; Brithanny Anahy
Dominguez-Cano; Franklin Santiago Dominguez-Cano,

*Petitioners*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency Nos. A209 221 393,
A209 221 394, A209 221 395

———————————————————

Before Elrod, *Chief Judge*, and Higginson and Ramirez, *Circuit
Judges*.

Per Curiam:[*]

Meylin Vanessa Cano-Flores and her children, Brithanny Anahy
Dominguez-Cano and Franklin Santiago Dominguez-Cano, are natives and
citizens of Honduras. They petition for review of the decision of the Board

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-60582

of Immigration Appeals (BIA) upholding an immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  We DENY their petition.

We review the BIA's factual findings for substantial evidence and its conclusions of law *de novo*.  *Argueta-Hernandez v. Garland*, 87 F.4th 698, 707 (5th Cir. 2023).  We consider the immigration judge's decision only to the extent that it influenced the BIA's decision.  *Martinez Manzanares v. Barr*, 925 F.3d 222, 226 (5th Cir. 2019).

Regarding Petitioners' claims for asylum and withholding of removal, the BIA determined that Petitioners did not present appellate arguments that meaningfully challenged the immigration judge's dispositive findings on the issues of nexus and the Honduran government's inability or unwillingness to protect Cano-Flores.  The BIA did not err in deeming these issues waived, because Petitioners' brief before the BIA contained only bare, conclusory assertions on these issues.  *See Matter of O-R-E-*, 28 I. & N. Dec. 330, 350 n.5 (BIA 2021).

Petitioners also have not shown that the BIA erred in denying Cano-Flores's CAT claim by not considering their documentary evidence of country conditions.  The BIA indicated that all evidence in the record was considered, and Petitioners' bare assertions here fail to identify any specific country conditions evidence that was not considered or explain how such evidence supported Cano-Flores's claim.  *See Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019). Further, contrary to Petitioners' argument, the BIA did not determine that government corruption was insufficient to satisfy the element of state action for CAT protection.  The BIA's finding concerning government corruption instead indicated that the government officials who interacted with Cano-Flores were not corrupt and were willing to help her.

2

No. 24-60582

Finally, we do not consider Petitioners' argument concerning Executive Order 14157, because that executive order is not part of the administrative record considered by the BIA. *See* 8 U.S.C. § 1252(b)(4)(A); *Ramchandani v. Gonzales*, 434 F.3d 337, 339 n.1 (5th Cir. 2005). We therefore decline Petitioners' request to remand the case based on the executive order.

The petition for review is DENIED.