# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-60279
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2026

Lyle W. Cayce
Clerk

SHER BAHADUR KC,

*Petitioner*,

*versus*

PAMELA BONDI, *U.S. Attorney General*,

*Respondent*.

————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A203 771 754

————————————————

Before DAVIS, JONES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Sher Bahadur KC (KC), a native and citizen of Nepal, petitions this court to review an order of the Board of Immigration Appeals (BIA) upholding the immigration judge's (IJ) in absentia removal order and alternative merits decision denying asylum, withholding of removal, and

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

protection under the Convention Against Torture (CAT) and ordering removal.

Preliminarily, the Government argues that the instant appeal is not properly before us. It contends that KC failed to exhaust his administrative remedies under 8 U.S.C. § 1252(d)(1) because he failed to comply with the requirements of 8 U.S.C. § 1229a(b)(5)(C) in challenging the order before the IJ and BIA. However, because the exhaustion requirement of § 1252(d)(1) is nonjurisdictional, *see Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023), and KC's challenges can easily be resolved on the merits, we need not decide this issue.

KC first argues that the IJ erred in ordering him removed in absentia. But the BIA correctly determined that KC's failure to appear at his August 7, 2020 hearing was not due to "exceptional circumstances . . . beyond [his] control." *See* 8 U.S.C. § 1229a(e)(1); *Magdaleno de Morales v. INS*, 116 F.3d 145, 148 (5th Cir. 1997). KC admits that he and his counsel received notice of the hearing. But he contends his non-appearance was justified because (1) he had previously received a hearing notice from another court which he *assumed* mooted the later-served notice of the August 7, 2020 hearing that he missed, and (2) counsel filed a motion for change of venue in this case, which he *assumed* the court would grant. But KC's own erroneous assumptions do not rise to the level of "exceptional circumstances . . . beyond [his] control" necessary to excuse KC's non-appearance.

Turning to the IJ's alternative merits decision, we review the BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). Under the substantial evidence standard, "[t]he applicant has the burden of showing

that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

KC contends the IJ violated his due process rights in finding him not credible because he was not given a meaningful opportunity to respond to the discrepancies supporting the negative credibility finding. This argument fails because KC *was* afforded such an opportunity. KC previously participated in a merits hearing and testified at length. During that hearing, the IJ confronted KC with several discrepancies in his story, such as his wife's failure to mention his purported assault in her letter, his confusing admission of his identity to a stranger while supposedly in hiding, and his suspiciously different signatures on documentary evidence. These discrepancies later served as the basis for the IJ's adverse credibility finding. Because KC was given an opportunity to address these inconsistencies, his due process challenge is meritless. Regardless, even if the IJ committed a due process violation, KC fails to show that it affected the outcome of his proceedings. *See Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).

Even absent the adverse credibility finding, KC's remaining arguments fail. The evidence does not compel the conclusion that the harm KC suffered in Nepal amounted to past persecution. *See Gjetani v. Barr*, 968 F.3d 393, 397 (5th Cir. 2020). As for a well-founded fear of future persecution, KC relies, in part, on a country conditions report that is not in the record. We do not consider this report. *See* 8 U.S.C. § 1252(b)(4)(A); *Ramchandani v. Gonzales*, 434 F.3d 337, 339 n.1 (5th Cir. 2005). He otherwise fails to establish that the evidence compels the conclusion that he had a well-founded fear of future persecution because the Nepalese government was unwilling or unable to control his alleged persecutors. *See Sanchez-Amador v. Garland*, 30 F.4th 529, 533 (5th Cir. 2022); *Shehu v. Gonzales*, 443 F.3d 435, 437 (5th Cir. 2006). Because past persecution or a well-founded fear of future persecution is an essential element of an asylum claim, KC cannot establish

No. 25-60279

eligibility for asylum or withholding of removal. *See Singh v. Barr*, 920 F.3d 255, 259 (5th Cir. 2019); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). We therefore do not consider KC's remaining arguments regarding these forms of relief. *See Bagamasbad*, 429 U.S. at 25.

KC's argument for CAT protection again relies on the country conditions report that we do not consider. While he argues that the IJ erred in failing to give him an opportunity on remand to supplement the record with updated country conditions evidence, he has forfeited the issue for want of adequate briefing. *See United States v. Stalnaker*, 571 F.3d 428, 439-40 & n.9 (5th Cir. 2009); Fed. R. App. P. 28(a)(8)(A). Lastly, his conclusory assertion that he more likely than not would be tortured were he to return to Nepal because he is an active member of his political party "who has already been targeted as an opposing political member by the [opposing] party" is insufficient to satisfy the CAT standard. *See Martinez Manzanares v. Barr*, 925 F.3d 222, 228 (5th Cir. 2019); *Chen*, 470 F.3d at 1134.

The petition for review is DENIED.